ILENE J. LASHINSKY (#003073)
United States Trustee
District of Arizona

CHRISTOPHER J. PATTOCK (#009797)
Trial Attorney
230 N. 1st Ave., #204
Phoenix, Arizona 85003-1706
Phone: (602) 682-2614
Facsimile: (602) 514-7270
E-mail: Christopher.J.Pattock@usdoj.gov

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re: | ) | Chapter 11 |
|---|---|---|
| Z'Tejas Scottsdale, LLC, | ) | No. 2:15-bk-09178-PS |
| | ) | Jointly Administered With: |
| Debtor. | ) | |
| Z'Tejas 6th Street, LLC | ) | 2:15-bk-09180-PS |
| Z'Tejas Avery Ranch, LLC | ) | 2:15-bk-09184-PS |
| Z'Tejas Bellevue, LLC | ) | 2:15-bk-09188-PS |
| Z'Tejas Bethany Home LLC | ) | 2:15-bk-09193-PS |
| Z'Tejas Chandler, LLC | ) | 2:15-bk-09194-PS |
| Z'Tejas Costa Mesa, LLC | ) | 2:15-bk-09195-PS |
| Z'Tejas GP, LLC | ) | 2:15-bk-09298-PS |
| Z'Tejas Grill Gateway, L.L.C. | ) | 2:15-bk-09200-PS |
| Z'Tejas Holdings, Inc., | ) | 2:15-bk-09201-PS |
| Z'Tejas, Inc. | ) | 2:15-bk-09203-PS |
| Z'Tejas La Cantera, LLC | ) | 2:15-bk-09205-PS |
| Z'Tejas LP, LLC | ) | 2:15-bk-09207-PS |
| Z'Tejas of Arboretum, LLC | ) | 2:15-bk-09208-PS |
| Z'Tejas Restaurant Holdings, LP | ) | 2:15-bk-09210-PS |
| Z'Tejas Salt Lake City, LLC | ) | 2:15-bk-09212-PS |
| Z'Tejas Summerlin, LLC | ) | 2:15-bk-09213-PS |
| Z'Tejas Tempe, LLC | ) | 2:15-bk-09214-PS |
| Taco Guild Osborn LLC | ) | 2:15-bk-09215-PS |
| Debtors. | ) | LIMITED OBJECTION BY UNITED |
| This filing applies to: | ) | STATES TRUSTEE TO BIDDING PROCEDURES |
| | ) | AND PROPOSED SALE |
| ■ All Debtors: | ) | |
| | ) | Hearing Date: August 19, 2015 |
| | | Hearing Time: 9:00 a.m. |
| | | Hearing Location: 230 N. 1st Ave. |
| | | Courtroom 601 |

In furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a)(3), (5) and (8), in addition to

1

11 U.S.C. § 307, the United States Trustee for the District of Arizona, Region 14 ("UST") hereby submits her limited objection to the jointly administered Debtors' proposed sale of all assets and bidding procedures motion (as set forth at docket number 13), for the reason that, as discussed below, such would have the effect of chilling bidding.

The proposed sales price to Cornbread Ventures, LP ("Cornbred") is the amount of their lien, $663,662, plus Cornbread's post-petition financing claim of $725,000 (of which only $325,000 has been thus far approved), plus cash of $2,338,572 (of which $1,200,000 will be applied to the first lien of KarpReilly Investments, LLC ("KRI"), for a total of $3,727,234. It is also proposed that Cornbread receive a break-up fee in the amount of $149,089 if they are not the successful bidder, based upon the fact that said amount is 4% of $3,727,234. It is further proposed that any competing bidder must bid an amount of at least $3,727,234, plus the break-up fee of $149,089, plus an additional $150,000 "overbid."

So what would it take for a prospective competing bidder to be able to be successful?

- $663,662[1] for Cornbread's lien
- $725,000 for Cornbread's post-petition financing
- $2,338,572 for Cornbread's cash offer
- $149,089 break-up fee to Cornbread
- $150,000 overbid

Thus, under the proposed bid procedures, a competing bidder

---

[1] This assumes that the Cornbred lien is fully secured by equivalent value. If it were determined that the collateral secured by this lien is less than $663,662, then the amount a competing bidder would have to bid should be reduced to that lesser amount.

2

would have to bid at least $4,026,323, or $299,089 more than Cornbread's current bid. Such is an unusually large amount, representing 8% of the proposed sales price to Cornbread.[2] "Courts have adopted as a rule of thumb a limitation on a breakup or topping fee of about 3 percent of the consideration the buyer will pay for the assets, including assumption of liabilities, although courts have approved higher amounts, up to about 5 percent of the consideration, in unusual circumstances." 3 *Collier on Bankruptcy*, Section 363.02[7], at 363-22(16th Ed., June 2013).

The desirability of attracting larger bids in this case is obvious, because the amount of funds available to creditors after the first and second lienholders would be only $1,138,572.[3] The Debtors' proposed budget carves out an additional $506,250 for professionals, (an amount which could be under-estimated) leaving, at most, only $623,322 for priority and general unsecured creditors.

The UST does not object to a reasonable break-up fee for Cornbread if it is not the successful bidder. However, any break-up fee Cornbread might receive should reflect its actual costs, expenses and time (i.e., due diligence) in its role as a "stalking horse," rather than an unsupported and arbitrary 4% of the proposed bid price. Some courts allow break-up fees only to the extent that they include transactional costs or expenses incurred by the negotiating bidder. In Reliant Energy Channel View the 3rd Circuit affirmed the bankruptcy court's denial of a break-up fee, rejecting the proposed buyer's

---

[2] 299,089/3,727,234 = 8.02%
[3] As indicated, the cash component of the current bid is $2,338,572, from which $1,200,000 is to be paid to first lienholder KRI.

3

application of the business judgment rule, instead relying on § 503(b), holding that an award of fees requires that they be part of the actual necessary costs and expenses of preserving the estate. <u>Reliant Energy Channel View</u>, 594 F.3d 200, 208, 209 (3rd.Cir. 2010). *See also* <u>In re America West Airlines, Inc</u>., 166 B.R. 908, 912-13 (Bankr. D.Ariz. 1994). Accordingly, the Court should provide Cornbread with the opportunity to make an application for the approval of an administrative claim pursuant to 11 U.S.C. § 503(b), and reserve the issue of a break-up fee until just before conclusion of the sale.

    The UST also does not object to a reasonable overbid amount, but submits that $150,000 is too high. As discussed above, it should be no more than 3% of the bid price, or no more than approximately $111,000.[4] Such would be separate and apart from any potential break-up fee (as discussed immediately above).

    WHEREFORE, The UST respectfully requests that the Court deny the Debtors' motion to the extent that it chills bids by requesting an excessive overbid fee and an unsupported and excessive break-up fee.

    RESPECTFULLY SUBMITTED this 17th day of August, 2015.

ILENE J. LASHINSKY  
United States Trustee  
District of Arizona

CHRISTOPHER J. PATTOCK  
Trial Attorney

---

[4] Three percent of 3,727,234 is 111,817

4

```
 1  Copies of the foregoing e-mailed
    on the 17th day of August, 2015, to:
 2
    JOHN WILLIAM LUCAS, ESQ.
 3  PACHULSKI STANG ZIEHL & JONES LLP
    jlucas@pszjlaw.com
 4
    DEAN M. DINNER, ESQ.
 5  NUSSBAUM GILLIS & DINNER, P.C.
    ddinner@ngdlaw.com
 6
    RANDY NUSSBAUM, ESQ.
 7  NUSSBAUM GILLIS & DINNER, P.C.
    rnussbaum@ngdlaw.com
 8
    Brian N. Spector, Esq.
 9  D. Trey Lynn, Esq.
    SCHNEIDER & ONOFRY, P.C.
10  bspector@soarizonalaw.co

11  Jordan A. Kroop
    PERKINS COIE LLP
12  JKroop@perkinscoie.com

13  Bradley A. Cosman (#026223)
    PERKINS COIE LLP
14  BCosman@perkinscoie.com

15

16  _____

17

...

28
                                    5
```