

**ORDERED.**

**Dated: August 24, 2015**

**Paul Sala, Bankruptcy Judge**

| | |
|---|---|
| 1 | John W. Lucas (CA Bar No. 271038) |
| | Jason H. Rosell (CA Bar No. 269126) |
| 2 | PACHULSKI STANG ZIEHL & JONES LLP |
| | 150 California Street, 15th Floor |
| 3 | San Francisco, CA 94111 |
| | Telephone: (415) 263-7000 |
| 4 | Facsimile: (415) 263-7010 |
| | E-mail: jlucas@pszjlaw.com |
| 5 | jrosell@pszjlaw.com |
| 6 | Randy Nussbaum (AZ Bar No. 6417) |
| | Dean M. Dinner (AZ Bar No. 10216) |
| 7 | John Parzych (AZ Bar No. (26079) |
| | Nussbaum Gillis & Dinner, P.C. |
| 8 | 14850 N. Scottsdale Road, Suite 450 |
| | Scottsdale, AZ 85254 |
| 9 | Telephone: (480) 609-0011 |
| | Facsimile: (480) 609-0016 |
| 10 | Email: rnussbaum@ngdlaw.com |
| | ddinner@ngdlaw.com |
| 11 | jparzych@ngdlaw.com |
| 12 | Counsel for Debtors and Debtors in Possession |

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

In re:

Z'Tejas Scottsdale, LLC, et al.,      Case No.: 2:15-bk-09178-PS

                     Debtors.      Chapter 11

Joint Administration Pending With:      Joint Administration With Case Nos.:

| | |
|---|---|
| Z'Tejas 6th Street, LLC | 2:15-bk-09180-PS |
| Z'Tejas Avery Ranch, LLC | 2:15-bk-09184-PS |
| Z'Tejas Bellevue, LLC | 2:15-bk-09188-PS |
| Z'Tejas Bethany Home LLC | 2:15-bk-09193-PS |
| Z'Tejas Chandler, LLC | 2:15-bk-09194-PS |
| Z'Tejas Costa Mesa, LLC | 2:15-bk-09195-PS |
| Z'Tejas GP, LLC | 2:15-bk-09198-PS |
| Z'Tejas Grill Gateway, L.L.C. | 2:15-bk-09200-PS |
| Z'Tejas Holdings, Inc. | 2:15-bk-09201-PS |
| Z'Tejas, Inc. | 2:15-bk-09203-PS |
| Z'Tejas La Cantera, LLC | 2:15-bk-09205-PS |
| Z'Tejas LP, LLC | 2:15-bk-09207-PS |
| Z'Tejas of Arboretum, LLC | 2:15-bk-09208-PS |
| Z'Tejas Restaurant Holdings, LP | 2:15-bk-09210-PS |
| Z'Tejas Salt Lake City, LLC | 2:15-bk-09212-PS |
| Z'Tejas Summerlin, LLC | 2:15-bk-09213-PS |
| Z'Tejas Tempe, LLC | 2:15-bk-09214-PS |
| Taco Guild Osborn LLC | 2:15-bk-09215-PS |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CA

DOCS_SF:88191.4

| This Pleading applies to: | **FINAL ORDER UNDER 11 U.S.C. §§ 105(a), 345 AND 363: (A) AUTHORIZING MAINTENANCE AND USE OF DEBTORS' EXISTING BANK ACCOUNTS, CASH MANAGEMENT SYSTEM, AND BUSINESS FORMS; AND (B) WAIVING INVESTMENT AND DEPOSIT REQUIREMENTS** |
|---|---|
| ☑ All Debtors<br>☐ Specified Debtors | |

This matter came before the Court on the *Emergency Motion for Interim and Final Orders Under 11 U.S.C. §§ 105(a), 345 and 363: (A) Authorizing Maintenance and Use of Debtor's Existing Bank Accounts, Cash Management System, and Business Forms; and (B) Waiving Investment and Deposit Requirements* [Docket No. 6] (the "**Motion**")[1] filed by the above-captioned debtors and debtors in possession (the "**Debtors**"), and on the *First Day Declaration* [Docket No. 3]; and it appearing that the relief requested is in the best interest of the Debtors' estates, their creditors and all other parties in interest; and it appearing that due and sufficient notice of the Motion having been given; and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested in the Motion under 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested in the Motion being a core proceeding under to 28 U.S.C. § 157(b); and venue being proper in this District under 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** as set forth herein.

2. The Debtors are authorized to maintain their existing Bank Accounts without change or disruption as requested in the Motion and to operate in the ordinary course of business under depository or similar contracts and agreements between the Banks and the Debtors.

3. The Bank Accounts shall be converted into debtor in possession accounts and their maintenance and continued use, in the same manner and with the same account numbers, styles, and document forms as those employed before the Petition Date is hereby authorized.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4. The Debtors may maintain their existing Cash Management System without change or disruption in the ordinary course of business as requested in the Motion; *provided*, *however*, the Debtors' check stock and business forms shall be imprinted with "debtor-in-possession" and the case number.

5. The Banks shall not honor any checks after the Petition Date that were tendered prior to the Petition Date without further authorization of the Court.

6. To the extent that any prepetition checks are not honored per the terms of this Order, the Debtors are authorized to reserve the right to issue replacement checks to pay the amounts related to such dishonored checks, consistent with the orders of this Court. The Banks shall be permitted to reasonably rely, in good faith, upon the direction and representations from the Debtors regarding the honoring of checks. Absent gross negligence or bad faith, the Banks shall not be liable for the failure to honor any checks or the inadvertent honoring of any checks which should not have been honored, as directed by the Debtors.

7. The Debtors are authorized to pay prepetition Bank Fees and credit card processing charges to the Banks.

8. The Debtors may continue to use their existing Business Forms as requested in the Motion.

9. The investment and deposit requirements of section 345(b) of the Bankruptcy Code are waived as to the Debtors.

10. Notwithstanding the possible applicability of Bankruptcy Rules 6004, 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Motion.

12. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**\*DATED AND SIGNED AS INDICATED ABOVE\***