



**Paul Sala, Bankruptcy Judge**

1  John W. Lucas (CA Bar No. 271038)
   Jason H. Rosell (CA Bar No. 269126)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, CA 94111
   Telephone: (415) 263-7000
4  Facsimile: (415) 263-7010
   E-mail: jlucas@pszjlaw.com
5          jrosell@pszjlaw.com

6  Counsel for Debtors and Debtors in Possession

7  Randy Nussbaum (AZ Bar No. 6417)
   Dean M. Dinner (AZ Bar No. 10216)
8  John Parzych (AZ Bar No. 26079)
   Nussbaum Gillis & Dinner, P.C.
9  14850 N. Scottsdale Road, Suite 450
   Scottsdale, AZ 85254
10 Telephone: (480) 609-0011
   Facsimile: (480) 609-0016
11 Email: rnussbaum@ngdlaw.com
          ddinner@ngdlaw.com
12        jparzych@ngdlaw.com

13            **UNITED STATES BANKRUPTCY COURT**
                **FOR THE DISTRICT OF ARIZONA**
14
   In re:
15
   Z'Tejas Scottsdale, LLC, et al.,          Case No.: 2:15-bk-09178-PS
16                                            Chapter 11
                        Debtors.
17                                            Joint Administration With Case Nos.:
   Joint Administration With:
18                                            2:15-bk-09180-PS
   Z'Tejas 6th Street, LLC                    2:15-bk-09184-PS
19 Z'Tejas Avery Ranch, LLC                   2:15-bk-09188-PS
   Z'Tejas Bellevue, LLC                      2:15-bk-09193-PS
20 Z'Tejas Bethany Home LLC                   2:15-bk-09194-PS
   Z'Tejas Chandler, LLC                      2:15-bk-09195-PS
21 Z'Tejas Costa Mesa, LLC                    2:15-bk-09198-PS
   Z'Tejas GP, LLC                            2:15-bk-09200-PS
22 Z'Tejas Grill Gateway, L.L.C.              2:15-bk-09201-PS
   Z'Tejas Holdings, Inc.                     2:15-bk-09203-PS
23 Z'Tejas, Inc.                              2:15-bk-09205-PS
   Z'Tejas La Cantera, LLC                    2:15-bk-09207-PS
24 Z'Tejas LP, LLC                            2:15-bk-09208-PS
   Z'Tejas of Arboretum, LLC                  2:15-bk-09210-PS
25 Z'Tejas Restaurant Holdings, LP            2:15-bk-09212-PS
   Z'Tejas Salt Lake City, LLC                2:15-bk-09213-PS
26 Z'Tejas Summerlin, LLC                     2:15-bk-09214-PS
   Z'Tejas Tempe, LLC                         2:15-bk-09215-PS
27 Taco Guild Osborn LLC

28                                            **ORDER: (1) APPROVING OVERBID AND**
                                              **SALE PROCEDURES, (2) APPROVING**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

This Pleading applies to:

☑    All Debtors

**ASSUMPTION, ASSIGNMENT AND SALE PROCEDURES AND RELATED NOTICES, (3) SCHEDULING THE SALE HEARING, AND (4) GRANTING RELATED RELIEF**

The Court having considered the *Motion Requesting (A) the Scheduling of an Auction and Sale Hearing in Connection with the Sale of Substantially All the Debtors' Assets, (B) Approval of Bidding Procedures for Such Assets, (C) Approval of Purchase Agreement with Stalking Horse Bidder, (D) Approval of the Form and Scope of Notice of Auction and Sale Hearing, (E) Approval of Procedures for the Assumption, Assignment and Sale of Contracts and Leases to the Purchaser, and (F) Approval of Sale of the Debtors' Assets to the Purchaser* (the "**Motion**")[1] insofar as it requests approval of bidding procedures filed by Z'Tejas Scottsdale, LLC, the debtors and debtors in possession in the above-captioned cases (the "**Debtors**"), any responsive pleadings filed in connection with the Motion, the record in the above-captioned cases, and the representations of counsel at the hearing on the Motion held on August 19, 2015 (the "**Hearing**"); and the Court having determined that notice of the Motion was adequate and sufficient; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      The Court has jurisdiction over this matter and over the property of the Debtors and their respective bankruptcy estates pursuant to 28 U.S.C. §§ 157(a) and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).  The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 363, 365 and Fed. R. Bankr. P. 2002, 6004, 6006, 9008, 9014 and 9019.  Venue of these cases and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The relief granted herein is in the best interests of the Debtors, their estates, their stakeholders, and all other parties in interest.

C.      The notice of the Motion and the Hearing given by the Debtors constitutes due and sufficient notice thereof.

---

[1]   Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Asset Purchase Agreement (as defined below).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

D.      The Debtors have articulated good and sufficient reasons for the Court to (i) approve the dates, deadlines and procedures set forth herein in respect of the sale of substantially all of the Debtors' assets (the "**Bid Procedures**") pursuant to the terms of that certain Asset Purchase Agreement ("**Asset Purchase Agreement**") dated as of July 22, 2015, attached as Exhibit B to the Motion, between the Debtors and the Buyer identified therein (the "**Stalking Horse Bidder**"), (ii) approve the form and manner of notice of the Motion, the Auction, the Sale Hearing, and the assumption, assignment and sale of the Contracts designated pursuant to the Asset Purchase Agreement as Purchased Contracts, and (iii) set the date of the Auction and the Sale Hearing.

E.      The Bid Procedures to be approved herein are reasonable and appropriate and represent a fair and appropriate method for maximizing the realizable value of the Debtors' assets.

## THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      The Motion is GRANTED subject to the terms of this Order.

2.      Any objections filed in response to the Motion and the relief granted herein, to the extent not resolved as set forth herein or at the Hearing, are hereby overruled.

3.      The Asset Purchase Agreement and the transactions contemplated thereby (collectively, the "**Sale Transaction**") is hereby designated as the "**Stalking Horse Bid**."

4.      The Debtors shall, after consultation with their professionals, contact parties the Debtors believe may potentially be willing, qualified, and financially able to consummate a purchase of substantially all of the Debtors' assets.  The Debtors may distribute an information package to any such parties with such materials as the Debtors deem appropriate under the circumstances including, but not limited to, preliminary "teaser" information.

5.      Upon execution of a non-disclosure agreement in favor of the Debtors by any person identified by the Debtors as reasonably likely to be a Qualified Bidder (as defined below) that wishes to conduct due diligence regarding the Debtors or their assets with respect to a potential overbid may be granted access to due diligence information that has been or will be provided to the Stalking Horse Bidder.  For any person or entity that is a competitor of the Debtors or is affiliated with any competitor of the Debtors, the Debtors reserve the right to withhold or limit any diligence materials that the Debtors, in their discretion after consultation with the official committee of unsecured

creditors appointed in these chapter 11 cases (the "**Committee**"), determine are business-sensitive or otherwise not appropriate for disclosure to such person or entity.

6.  Any prospective bidder other than the Stalking Horse Bidder (each a "**Potential Bidder**") that wishes to participate in the bidding process for substantially all of the Debtors' assets must, no later than **September 15, 2015 at 5:00 p.m. (Prevailing Arizona Time)** (the "**Bid Deadline**"):

   a.  Submit to the Debtors, the Committee and each of the landlords of the Debtors' non-residential leases, or their counsel if known (collectively, the "**Real Property Landlords**"),[2] through their respective counsel, an offer in the form of an executed asset purchase agreement (including all exhibits and schedules thereto) (the "**Modified Agreement**") without financing or due diligence contingencies, at a price that conforms with the following Paragraph 6.b, and on such other terms that are no less favorable to the Debtors than those contained in the Asset Purchase Agreement executed by the Stalking Horse Bidder. Such bid must be irrevocable through the Sale Hearing, unless the bid is selected as the Winning Bid or the Back-Up Bid (as such terms are defined below) at the Sale Hearing, in which case such bid shall be irrevocable through the closing of the sale to the Winning Bidder or Back-Up Bidder (as such terms are defined below), as the case may be, in accordance with the terms of the Modified Agreement. The Potential Bidder must also submit a "blacklined" or otherwise marked copy of the Modified Agreement reflecting the differences between the Modified Agreement and the Asset Purchase Agreement executed by the Stalking Horse Bidder.

   b.  Agree in such Modified Agreement to a purchase price that provides for the following: (i) assumption of all the Assumed Liabilities (as defined in in section 2.3 of the Asset Purchase Agreement); and (ii) payment in cash at closing in an initial minimum amount equal to the sum of at least: (1) $3,727,324, <u>plus</u> (2) an

---

[2] Each Real Property Landlord, or its counsel, shall provide an email address to the Debtors for purposes of distributing the information contemplated by this Order.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    overbid amount of $75,000. For the avoidance of doubt, a bid submitted by a

2    Potential Bidder is not required to include all of the assets subject to the Stalking

3    Horse Bid or include the same form(s) of consideration; and the Court is not

4    precluded from considering offers for a combination of the assets by more than

5    one Potential Bidder.

6    c.   Make a good faith cash deposit in the form of a cashier's check or wire transfer,

7         in an amount not less than 7.5% of the Purchase Price (*i.e.*, $279,549) (the "**Bid**

8         **Deposit**") into a segregated, interest-bearing escrow account (the "**Segregated**

9         **Account**") that shall be opened by the Debtors for this purpose.  The Bid Deposit

10        shall immediately become non-refundable (subject to the next sentence and the

11        terms of the Modified Agreement), and will be credited toward the purchase

12        consideration if and when the transaction with the Potential Bidder making such

13        deposit is approved by the Court as the winning bid (the "**Winning Bid**" and the

14        "**Winning Bidder**") at the Sale Hearing and such transaction is closed in

15        accordance with the terms of the Modified Agreement.  If a Potential Bidder's bid

16        is not designated as a Qualified Bid (as defined below), or such bid is not

17        approved as the Winning Bid or the Back-Up Bid at the Sale Hearing, the Bid

18        Deposit of such bidder, plus accrued interest, if any, will be returned to such

19        bidder within three (3) business days after the conclusion of the Sale Hearing.

20   d.   Provide written evidence reasonably satisfactory to the Debtors and the

21        Committee, and the Real Property Landlords of (A) its financial ability to (i) fully

22        and timely perform all obligations under the Modified Agreement if it is declared

23        to be the Winning Bidder, and (ii) provide Adequate Assurance Information

24        (defined below) for all contracts and leases to be assigned to it and (B) its

25        qualification to own the assets and operate the businesses that are the subject of

26        the Modified Agreement in compliance with all applicable federal, state and local

27        laws, which information in the foregoing items (A) and (B) shall be provided by

28        the Debtors, within one (1) business day after the Debtors' receipt of such

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

information, to the contract counterparties, and to the extent that any such information is designated as confidential by the Potential Bidder, then any contract counterparty receiving such information shall maintain the confidentiality of such information.

e. The Adequate Assurance Information shall include the information required under section 365 of the Bankruptcy Code and the following, as applicable:

    i. The exact legal name of the Potential Bidder, the entity that would take assignment of any non-residential real property leases, and any entities that may provide guaranties or other security in connection with the assignment of the any non-residential real property leases;

    ii. A description of the Potential Bidder's experience in operating restaurants generally or specifically the type of restaurants operated by the Debtors;

    iii. Evidence of a Potential Bidder's financial wherewithal to perform under the leases proposed for assignment, which may include, (a) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments, (b) cash flow projections for the proposed assignee, (c) the proposed assignee's most recent business plan, (d) all cash flow projections for the leases subject to the assignment request, and (e) any financial projections, calculations and/or pro-formas prepared in contemplation of taking assignment of any leases;

    iv. The trade-name under which the Potential Bidder intends to operate its restaurant business at the leased premises of the Debtors located in Chandler, Arizona ("**Chandler Lease Premises**");

    v. All trade-names under which the Potential Bidder, its affiliates or subsidiaries operate restaurants in Maricopa County;

    vi. Whether the Potential Bidder, its affiliates and subsidiaries directly or indirectly operate, manage or have any interest in any competing or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

similar business within a radius of three miles from the Chandler Lease Premises;

vii. Whether the Potential Bidder's use of the Chandler Lease Premises will be limited to a full-service, sit-down, wait-served Mexican/Southwestern restaurant with a full-service bar selling alcoholic beverages;

viii. Whether the Potential Bidder's use of the Chandler Lease Premises involves the operation of an upscale restaurant specializing in steaks or seafood, office selling mutual funds or security brokerage services, or retail display of gold, silver, diamonds, colored gemstones, or other fine jewelry , watches, and clocks;

ix. Whether the Potential Bidder's performance of its obligations under the lease for the Chandler Lease Premises will be guaranteed by another entity and, if so, the Potential Bidder must supply a signed current financial statement for such guarantor that does not need to be audited but must prepared in accordance with generally-accepted accounting principles consistently applied;

x. The number of restaurants the Potential Bidder operates and all trade names that the Potential Bidder uses; and

xi. A statement setting forth the Potential Bidder's intended use of the premises leased pursuant to any assigned non-residential real property leases (collectively, i-ix, the "**Adequate Assurance Information**") and the sufficiency of such Adequate Assurance Information shall be determined by the Court in accordance with the applicable provisions of the Bankruptcy Code.

f. Disclose any connections or agreements with the Debtors, the Stalking Horse Bidder, any other known Potential Bidder or Qualified Bidder (as defined below), and/or any officer, director or direct or indirect equity security holder of the Debtors.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

7.      If a Potential Bidder complies with all the requirements described in paragraph 6 above (including the Bid Deposit) by the Bid Deadline, the Debtors, in reasonable consultation with the Committee and the Real Property Landlords, will determine whether (i) the Potential Bidder has demonstrated the legal qualification and financial ability to consummate the proposed transaction, (ii) is reasonably likely to be able to and willing to consummate the contemplated transactions and (iii) has otherwise satisfied all of the requirements described in paragraph 6, above.  If so, the Debtors shall designate the Potential Bidder as a "**Qualified Bidder**" and such bid as a "**Qualified Bid**."  The Debtors shall (a) promptly notify the Stalking Horse Bidder of the identity of any other Qualified Bidder and (b) provide the applicable counterparties subject to the Assumption, Assignment, Sale and Cure Notice with the Qualified Bidder(s)' Adequate Assurance Information with twenty-four hours after such bidder's qualification to the extent such information was not already provided by the Debtors and any counterparties receiving such information shall maintain its confidentiality in accordance with Paragraph 6(d) herein.  For the avoidance of doubt, the Stalking Horse Bidder is deemed to be a Qualified Bidder and the Stalking Horse Bid is deemed to be a Qualified Bid for all purposes.

8.      If the Debtors receive at least one (1) Qualified Bid from a Qualified Bidder (other than the Stalking Horse Bidder) prior to the Bid Deadline, then the Debtors shall notify the Stalking Horse Bidder and each other Qualified Bidder that the Debtors intend to conduct an auction (the "Auction"), subject to reasonable rules and procedures as may be established by the Debtors, consistent with this Order and in reasonable consultation with the Committee and the Real Property Landlords.  The Auction to determine the successful bidder for the Purchased Assets shall be held on **September 25, 2015 at 9:00 a.m. (Prevailing Arizona Time)** at Courtroom 601 in the United States Bankruptcy Court for the District of Arizona, 230 North First Avenue, Phoenix, AZ 85003, or such other place and time designated by the Debtors and prior notice to all Qualified Bidders.  Each bidder participating at the Auction will be required to confirm that (a) it has not engaged in any collusion with respect to the bidding or the sale and (b) its Qualified Bid does not contain any financing or due diligence contingencies (unless consented to by the Debtors).  The Auction will be conducted openly, will be digitally recorded, and the Committee, the Real Property Landlords, any

DOCS_SF:88292.6

Qualified Bidders, any party in interest, and each of their respective advisors, will be permitted to attend.

9.     Only the Stalking Horse Bidder and other Qualified Bidders may bid at the Auction. Copies of all Qualified Bids shall be provided to the Committee, Real Property Landlords, the Stalking Horse Bidder and each other Qualified Bidder by no later than one (1) business day prior to the Auction. At the commencement of the Auction, the Debtors shall identify the bid that they have determined (after consultation with the Committee and Real Property Landlords) to be the highest and/or best offer and shall permit the Stalking Horse Bidder and other Qualified Bidders to submit higher and/or better bids. Each subsequent bid must exceed the amount of the preceding bid and shall not be modified in a manner that causes it no longer to be a Qualified Bid.

10.     The Court will supervise the bidding process and conduct the Auction in such a manner as to provide the Stalking Horse Bidder and other Qualified Bidders a full, fair and equal opportunity to participate in the Auction. The Debtors, in consultation with their professionals, the Committee and Real Property Landlords, shall determine which Qualified Bid is to be recommended to the Court for approval as the highest and/or best bid. The Debtors shall request at the Sale Hearing immediately following the Auction that the Court authorize the Debtors to consummate the Sale Transaction to such proposed Winning Bidder.

11.     If the Debtors do not receive at least one (1) Qualified Bid from a Qualified Bidder other than the Stalking Horse Bidder, then no Auction shall be scheduled or conducted, and the Court at the Sale Hearing shall solely consider the approval of the Sale Transaction to the Stalking Horse Bidder as set forth in the Asset Purchase Agreement; the Court shall not consider any competing or alternative offers or proposals to purchase any of the Debtors' assets (unless consented to by the Debtors), nor shall the Court consider any objections to the Motion that are based on the existence or potential for other or different offers or proposals to purchase the Debtors' assets.

12.     The Court shall hold a hearing on **September 25, 2015 at 9:00 a.m. (Prevailing Arizona Time)** (the "**Sale Hearing**") to consider the approval of the Sale Transaction as set forth in the Motion, approve the Winning Bidder, approve the Back-Up Bidder, if necessary, and confirm the results of the Auction, if applicable.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

13.     Upon approval by the Court of a Winning Bidder other than the Stalking Horse

Bidder, the Bid Deposit of such Winning Bidder shall become non-refundable if the Modified

Agreement of such Winning Bidder is thereafter terminated by the Debtors as a result of a breach by

the Winning Bidder of its obligations thereunder.  If the Back-Up Bidder is a Qualified Bidder other

than the Stalking Horse Bidder, then the Bid Deposit of the Back-Up Bidder shall remain on deposit

in the Segregated Account pending the Closing Date (as defined below), and such deposit shall

become non-refundable if the Back-Up Bidder becomes the proposed Winning Bidder and its

Modified Agreement is thereafter terminated by the Debtors as a result of a breach by such Back-Up

Bidder.  If a dispute arises over whether a Bid Deposit is refundable or non-refundable, the Bid

Deposit shall remain in the Segregated Account pending a determination of the dispute by the Court

or written agreement of the parties.

14.     If the Stalking Horse Bidder becomes the Winning Bidder, but the Asset Purchase

Agreement is terminated pursuant to its terms by the Debtors as a result of a breach by the Stalking

Horse Bidder of its obligations thereunder, the Stalking Horse Bidder shall forfeit the Deposit (as

defined in the Asset Purchase Agreement).  If a Qualified Bidder other than the Stalking Horse

Bidder becomes the proposed Winning Bidder, but the Modified Agreement of such bidder is

terminated pursuant to its terms by the Debtors as a result of a breach by the proposed Winning

Bidder of any of its obligations thereunder, such bidder shall forfeit its Bid Deposit.  In either case,

the forfeiture of the Deposit or the Bid Deposit, as the case may be, shall constitute liquidated

damages and the Debtors and their bankruptcy estates shall retain no other rights, remedies, claims,

counterclaims and defenses against the Stalking Horse Bidder or such other Qualified Bidder, as

applicable.

15.     If Qualified Bids have been submitted by more than one Qualified Bidder, the

Qualified Bidder that makes the next-highest and/or best Qualified Bid to that of the proposed

Winning Bidder shall become the back-up bidder (the "**Back-Up Bidder**") and such Back-Up

Bidder's final and highest and/or best Qualified Bid (the "**Back-Up Bid**") shall remain open and

irrevocable in accordance with the terms of the Asset Purchase Agreement or the Modified

Agreement, as applicable, pending the closing of the Winning Bid (the "**Closing Date**").  (If a bid of

the Stalking Horse Bidder is the next-highest and/or best bid to that of the proposed Winning Bidder, then the Stalking Horse Bidder shall have the option but not the obligation to have the Stalking Horse Bid treated as the Back-Up Bid.) If the transaction with the Winning Bidder does not close prior to the Closing Date (as such date may be extended pursuant to paragraph 16, below), then the Debtors shall provide notice to the Back-Up Bidder by the Debtors (after consultation with the Committee and Real Property Landlords) and all other parties-in-interest, including the applicable counterparties to unexpired leases that are included in the Back-Up Bid, that the Back-Up Bid will be deemed the Winning Bid. The Debtors shall schedule a further hearing to approve the Back-Up Bid such that counterparties to unexpired leases that are included in the Back-Up Bid shall have five (5) business days to review Adequate Assurance Information from the Back-Up Bidder, and file any objection, prior to such further Sale Hearing. The Back-Up Bidder shall be required to consummate the transaction in accordance with the Asset Purchase Agreement or Modified Agreement, as applicable. If the Stalking Horse Bidder is not the Winning Bidder or the Back-Up Bidder, the Stalking Horse Bidder shall nonetheless have the right, but not the obligation, to keep its bid open pending the Closing Date.

16. The Debtors, in consultation with the Committee and Real Property Landlords, may grant any proposed Winning Bidder additional time to perform and, to the extent necessary, extend the Closing Date.

17. Objections to the Sale Transaction, if any, shall be in writing and shall be filed and served so as to be actually received by the Court and the following parties (the "**Objection Recipients**") on or before **September 15, 2015 at 5:00 p.m. (Prevailing Arizona Time)**, provided, however, that to the extent the proposed Winning Bidder at the Auction is a bidder other than the Stalking Horse Bidder, any supplemental or further objections to the sale to the proposed Winning Bidder based solely on such alternative Winning Bidder's adequate assurance of future performance shall be filed by no later than **September 21, 2015 at 5:00 p.m. (Prevailing Arizona Time)** (the "**Objection Deadlines**"): (a) counsel to the Debtors, Pachulski, Stang, Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: John W. Lucas; (b) counsel to the Committee, Schneider & Onofry, P.C., 3101 N. Central Avenue, Suite 600, Phoenix, AZ 85012,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

Attn: Brian Spector; (c) Mastodon Ventures, Inc., 515 Congress Avenue, Suite 1400, Austin, TX 78701, Attn: Robert Hersch; (d) counsel to Pavilion Holdings, LLC, Sherman & Howard, LLC, 201 E. Washington Street, Suite 800, Phoenix, AZ 85004; and (e) the U.S. Trustee, 230 N. 1st Avenue, Suite 204, Phoenix, AZ 85003, and (e) any other party requesting notice in these cases. The Debtors or any other party in interest may file a reply in support of the Sale Transaction by no later than **September 22, 2015 at 5:00 p.m. (Prevailing Arizona Time)**, provided that any reply to an objection with respect to an alternative Winning Bidder's adequate assurance of future performance may be presented orally to the Court at the Sale Hearing. Except as set forth in this paragraph, nothing set forth in this Order shall be construed to prejudice or impair the rights of the Real Property Landlords' to object to the Debtors' assignment of the non-residential real property leases to the Stalking Horse or any other bidder.

18. Notice of (a) the Motion, (b) the Bid Procedures, (c) the Auction, (d) the Objection Deadlines, (e) the Sale Hearing, and (f) the proposed assumption, assignment and sale of the Debtors' Contracts to the Stalking Horse Bidder or to any other Winning Bidder shall be good and sufficient, and no other or further notice shall be required, if given as follows:

    a. <u>Notice of Sale, Auction and Sale Hearing</u>: Within three (3) business days after entry of this Order, the Debtors (or their agents) shall:

        i. provide notice, in substantially the form attached as **Exhibit A** to this Order (the "**Sale Notice**") by first-class mail upon (a) all persons and entities known by the Debtors to have expressed an interest to the Debtors in a transaction with respect to the Debtors' assets or any portion thereof during the past six (6) months; (b) all Persons known by the Debtors to have asserted any Lien or interest in any of the Debtors' material assets; (c) all Persons known by the Debtors to be counterparties to Contracts; (d) the U.S. Trustee; (e) the Committee and its counsel; (f) any Governmental Body known to have a claim in the Bankruptcy Cases; (g) all other known creditors and equity security holders of the Debtors; (h) all Persons that

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1    have requested special notice in the Bankruptcy Cases; and (i) all other

2    Persons as directed by the Court; and

3    b.    Assumption, Assignment, Sale and Cure Notice.

4           i.    Within three (3) business days after entry of this Order, the Debtors shall

5                 file with the Court and serve via first class mail on all Persons known by

6                 the Debtors to be a counterparty to a Contract, or their counsel of record if

7                 known, a notice of assumption, assignment, sale and cure substantially in

8                 the form attached as **Exhibit B** to this Order (the "**Notice of Assumption,**

9                 **Assignment and Sale**").  The Notice of Assumption, Assignment and Sale

10                shall include (a) a statement that the Contracts listed therein may be

11                treated as "Purchased Contracts" under the Asset Purchase Agreement (or

12                Modified Agreement), (b) a statement that certain of the Contracts listed

13                therein may be designated as "Designation Right Assets" under the Asset

14                Purchase Agreement (or Modified Agreement) and thereafter rejected or

15                assumed, assigned and sold at a date subsequent to the Closing Date;

16                provided that, absent consent of an applicable contract or lease party, the

17                Designation Rights Period shall be subject to the time limits for

18                assumption or rejection set forth in 11 U.S.C. § 365(d)(4), (c) the Debtors'

19                calculation of the amount necessary, if any, to cure any and all defaults

20                under the Contracts and compensate the counterparties thereto for

21                pecuniary loss in respect of any such default(s) (the "**Cure Amount**") as a

22                condition to the assumption, assignment and sale of such Contract under

23                Bankruptcy Code sections 363 and 365, and (d) evidence of the Stalking

24                Horse Bidder's ability to provide adequate assurance of future

25                performance of such executory contracts or unexpired leases.  In addition,

26                within three (3) business days after entry of this Order, the Debtors shall

27                serve via first class mail, email or other electronic means on all landlords,

28                or their counsel if known, for the leases that are part of the Stalking Horse

1        Bid, the Stalking Horse Bidder's Adequate Assurance Information as set

2        forth in Paragraph 6(e) above, which information shall be kept

3        confidential in accordance with Paragraph 6(d).

4    ii.  Any subsequent Notice of Assumption, Assignment and Sale that

5        identifies a Contract that was not previously identified as being subject to

6        assumption, assignment and sale under the Asset Purchase Agreement (or

7        Modified Agreement) or that reduces the Debtors' calculation of the Cure

8        Amount (an "**Amended Notice of Assumption, Assignment and Sale**")

9        shall provide a deadline of not less than seven (7) calendar days from the

10       date of service, which service shall be by email on the affected

11       counterparty and their counsel, if known, of such Amended Notice of

12       Assumption, Assignment and Sale by which the counterparty to any

13       modification may object to (a) the assumption, assignment and sale of

14       such Contract pursuant to the Asset Purchase Agreement (or Modified

15       Agreement); (b) the Debtors' calculation of the Cure Amount for such

16       Contract; and (c) Adequate Assurance Information, if such Contract was

17       not previously identified as being subject to assumption, assignment and

18       sale.

19    iii.  The Notice of Assumption, Assignment and Sale and any Amended

20       Notice of Assumption, Assignment and Sale will be filed with the Court

21       and posted on the Website.

22    iv.  The Debtors reserve the right to (i) provide Amended Notices of

23       Assumption, Assignment and Sale up to the Closing of the Asset Purchase

24       Agreement (or Modified Agreement); (ii) remove a Contract from the list

25       of Purchased Contracts at any time prior to the Closing of the Asset

26       Purchase Agreement (or Modified Agreement), for any reason; and (iii)

27       remove a Contract from the list of Purchased Contracts after the closing of

28       the Asset Purchase Agreement (or Modified Agreement), if the Court

determines after such Closing that the Cure Amount for such Contract is in excess of the amount set forth on Exhibit 1 to the Notice of Assumption, Assignment and Sale. The removal of any such Contract shall not reduce the purchase price to be paid by the Winning Bidder, unless consented to by the Debtors. In addition, one or more of the Contracts listed on Exhibit 1 to the Notice of Assumption, Assignment and Sale may be designated as a Designation Right Asset at the Closing of the asset purchase agreement submitted by the Winning Bidder (including the Stalking Horse Bidder) and in such case may be assumed by the Debtors and assigned and sold to the designated Person, if it makes a written election to accept an assignment of such Contract within the time frame provided in the Winning Bidder's (including the Stalking Horse Bidder's) asset purchase agreement.

v.  Any counterparty to a Contract must file and serve on the Objection Recipients any objections to (a) the proposed assumption, assignment and sale of its Contract to the Winning Bidder (and must state in its objection, with specificity, the legal and factual basis of its objection) and (b) if applicable, the proposed Cure Amount (and must state in its objection, with specificity, what Cure Amount is required with appropriate documentation in support thereof), no later than **September 15, 2015 at 5:00 p.m. (Prevailing Arizona Time)** and the Debtors or any other party in interest may file a reply to any such objection by no later than **September 22, 2015 at 5:00 p.m. (Prevailing Arizona Time)**; provided, however, that to the extent the Winning Bidder is an entity other than the Stalking Horse Bidder, any supplemental or further objections to the assumption, assignment and sale of a Contract to the Winning Bidder by a counterparty to such Contract, based solely on the ability of the Winning Bidder(s) and/or Backup Bidder(s) ability to provide adequate assurance

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

of future performance shall be filed no later than **September 21, 2015 at 5:00 p.m. (Prevailing Arizona Time)** and the Debtors or any other party in interest may present orally a reply to any such objection at the Sale Hearing; provided further that the deadline to object to an Amended Notice of Assumption, Assignment and Sale shall be no earlier than seven (7) calendar days after the date of service of such Amended Notice of Assumption, Assignment and Sale, which service shall be by email on the affected counterparty and their counsel, if known. If no objection is timely filed and served, (x) the counterparty to a Contract shall be deemed to have consented to the assumption, assignment and sale of the Contract to the Winning Bidder and shall be forever barred from asserting any objection with regard to such assumption, assignment and sale, and (y) the Cure Amount set forth in the Notice of Assumption, Assignment and Sale (or Amended Notice of Assumption, Assignment and Sale) shall be controlling, notwithstanding anything to the contrary in any Contract, or any other document, and the counterparty to the Contract shall be deemed to have consented to the Cure Amount and shall be forever barred from asserting any other claims related to such Contract against the Debtors or the Winning Bidder, or the property of any of them.

19. A list of all Contracts assumed, assigned and sold to the Winning Bidder as "Purchased Contracts" under the Asset Purchase Agreement (or Modified Agreement) shall be filed with the Court no later than five (5) business days following the Closing of such agreement. In addition, one or more notices of all Designation Rights Assets sold (or to be sold) to the Winning Bidder shall be filed with the Court no later than five (5) business days following the expiration of the Designation Rights Period.

20. The Debtors and their advisors shall reasonably consult regularly with the Committee and Real Property Landlords and their advisors on all material aspects of the sale process described in this Order and all material decisions and documents contemplated herein, including, without

limitation, all instances in which such parties have express consultation rights as set forth herein. The Debtors shall have the discretion, in consultation with the Committee and Real Property Landlords and their advisors, to modify, supplement, amend, or waive the procedures set forth herein if necessary to maximize the value of the estates and otherwise comply with the Debtors' fiduciary obligations.

21.     Notwithstanding any applicability of Bankruptcy Rules 6004(h), 7062, or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.     This Court shall retain jurisdiction and power to enforce and interpret the provisions of this Order.

## *DATED AND SIGNED AS INDICATED ABOVE*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# EXHIBIT A

**(Form Sale Notice)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:

Z'Tejas Scottsdale, LLC, et al.,

                    Debtors.

Joint Administration With:

| | |
|---|---|
| Z'Tejas 6th Street, LLC | 2:15-bk-09180-PS |
| Z'Tejas Avery Ranch, LLC | 2:15-bk-09184-PS |
| Z'Tejas Bellevue, LLC | 2:15-bk-09188-PS |
| Z'Tejas Bethany Home LLC | 2:15-bk-09193-PS |
| Z'Tejas Chandler, LLC | 2:15-bk-09194-PS |
| Z'Tejas Costa Mesa, LLC | 2:15-bk-09195-PS |
| Z'Tejas GP, LLC | 2:15-bk-09198-PS |
| Z'Tejas Grill Gateway, L.L.C. | 2:15-bk-09200-PS |
| Z'Tejas Holdings, Inc. | 2:15-bk-09201-PS |
| Z'Tejas, Inc. | 2:15-bk-09203-PS |
| Z'Tejas La Cantera, LLC | 2:15-bk-09205-PS |
| Z'Tejas LP, LLC | 2:15-bk-09207-PS |
| Z'Tejas of Arboretum, LLC | 2:15-bk-09208-PS |
| Z'Tejas Restaurant Holdings, LP | 2:15-bk-09210-PS |
| Z'Tejas Salt Lake City, LLC | 2:15-bk-09212-PS |
| Z'Tejas Summerlin, LLC | 2:15-bk-09213-PS |
| Z'Tejas Tempe, LLC | 2:15-bk-09214-PS |
| Taco Guild Osborn LLC | 2:15-bk-09215-PS |

Case No.: 2:15-bk-09178-PS

Chapter 11

Joint Administration With Case Nos.:

This Pleading applies to:

☑   All Debtors
☐   Specified Debtors

**NOTICE OF AUCTION AND SALE HEARING**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

     1.    On July 22, 2015, Z'Tejas Scottsdale, LLC, et al. (collectively, the "**Debtors**"), each filed voluntary petitions for relief pursuant to chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Arizona (the "**Bankruptcy Court**").

     2.    On July 22, 2015, the Debtors filed a motion [Docket No. 13] (the "**Bid Procedures/Sale Motion**"), pursuant to sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, and 6006, seeking entry of an order (the "**Bid Procedures Order**") (a) scheduling an auction (the "**Auction**") for the sale of substantially all of the Debtors' assets (as more fully set forth in the Asset Purchase Agreement, the "**Purchased Assets**") and scheduling a hearing to approve the sale of the Purchased Assets (the "**Sale Hearing**") for **September 25, 2015 at 9:00 a.m. (Arizona Time)**; (b) approving dates, deadlines and procedures (the "**Bid Procedures**") for submitting competing bids for the Purchased Assets; (c) approving that certain *Asset Purchase Agreement*, dated as of July 22, 2015 (the "**Asset Purchase Agreement**"), with Cornbread Ventures, LP (the "**Stalking Horse Bidder**") for the sale of the Purchased Assets, subject to the outcome of

the Auction; (d) approving the form and manner of the notice of the Auction and the Sale Hearing; and (e) approving procedures for the assumption, assignment and sale of contracts and leases to any purchaser of the Purchased Assets, and to resolve any objections thereto. As more fully set forth in the Asset Purchase Agreement, the purchase price to be paid by the Stalking Horse Bidder consists of (i) $2,338,572, plus (ii) cancellation of $663,662 arising from the Chandler Debt (as defined in the Asset Purchase Agreement), plus (iii) cancellation of the postpetition indebtedness in an amount up to $725,000, plus (iv) the assumption of the Assumed Liabilities (as set forth in the Asset Purchase Agreement) by the Stalking Horse Bidder.

3.        On August 24, 2015, the Bankruptcy Court entered the Bid Procedures Order. See [Docket No. ]. Pursuant to the Bid Procedures Order, if the Debtors receive any Qualified Bids (as defined in the Bid Procedures Order), other than that of the Stalking Horse Bidder, for the Purchased Assets, an Auction shall take place on **September 25, 2015 at 9:00 a.m. (Arizona Time)** at Courtroom 601 in the United States Bankruptcy Court for the District of Arizona, 230 North First Avenue, Phoenix, AZ 85003. Only parties that have submitted a Qualified Bid, as set forth in the Bid Procedures Order, by no later than **September 15, 2015 at 4:00 p.m. (Arizona Time)** (the "**Bid Deadline**") may bid at the Auction. Any party that wishes to take part in this process and submit a bid for the Purchased Assets must submit its competing bid prior to the Bid Deadline and in accordance with the Bid Procedures.

4.        The Sale Hearing to consider approval of the sale of the Purchased Assets to the Stalking Horse Bidder or to the winning bidder at the Auction, as applicable, free and clear of all liens, claims, encumbrances and other interests not expressly permitted under the Asset Purchase Agreement (or Modified Agreement), will be held before the Honorable Paul Sala, United States Bankruptcy Judge, District of Arizona, Courtroom 601 in the United States Bankruptcy Court for the District of Arizona, 230 North First Avenue, Phoenix, AZ 85003 on **September 25, 2015 at 9:00 a.m. (Arizona time)**, or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned without further notice to creditors or parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

5.        Objections, if any, to the sale, must: (a) be in writing; (b) comply with the Bankruptcy Rules and Local Rules; and (c) be filed with the clerk of the Bankruptcy Court for the District of Arizona, 230 N. 1st Avenue, Suite 101, Phoenix, AZ 85003, on or before **September 15, 2015 at 5:00 p.m. (Arizona Time)**; and be served upon (a) counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: John W. Lucas; (b) counsel to the Committee, Schneider & Onofry, P.C., 3101 N. Central Ave, Ste. 600, Phoenix, AZ 85012; (c) Mastodon Ventures, Inc., 515 Congress Avenue, Suite 1400, Austin, TX 78701, Attn: Robert Hersch; and (d) the U.S. Trustee, 230 N. 1st Avenue, Suite 204, Phoenix, AZ 85003; so as to be received no later than **September 15, 2015 at 4:00 p.m. (Arizona Time)**; provided, however, that to the extent the Winning Bidder at the Auction is a bidder other than the Stalking Horse Bidder, any supplemental or further objections to the sale to the Winning Bidder solely on the basis of such other Winning Bidder's adequate assurance of future performance shall be filed and served so as to be received no later than **September 21, 2015 at 5:00 p.m. (Arizona Time).** The Debtors or any other party in interest may file a reply in support of the Sale Transaction by no later than **September**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

**22, 2015 at 5:00 p.m. (Arizona Time)**, provided that any reply to an objection with respect to an alternative Winning Bidder's adequate assurance of future performance may be presented orally to the Court at the Sale Hearing. **UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, IT MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED WITHOUT FURTHER HEARING AND NOTICE.**

      6.     This Notice of Auction and Sale Hearing is subject to the fuller terms and conditions of the Bid Procedures/Sale Motion and the Bid Procedures Order, with such Bid Procedures Order controlling in the event of any conflict, and the Debtors encourage parties-in-interest to review such documents in their entirety. Parties interested in receiving more information regarding the sale of the Purchased Assets and/or copies of any related document, including the Asset Purchase Agreement, the Bid Procedures/Sale Motion, or the Bid Procedures Order, may make a written request to: (a) the investment bankers to the Debtors, Mastodon Ventures, Inc., 515 Congress Avenue, Suite 1400, Austin, TX 78701, Attn: Robert S. Hersch, or (b) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 94111, Attn: John W. Lucas. In addition, copies of the Bid Procedures/Sale Motion, the Bid Procedures Order and this Notice can be found on (i) the Court's website, **www.azb.uscourts.gov** or (ii) by contacting **ocarpio@pszjlaw.com**.

Dated: August 24, 2015             PACHULSKI STANG ZIEHL & JONES LLP

                      By: _____

                         John W. Lucas
                         Jason H. Rosell
                         150 California Street, 15th Floor
                         San Francisco, CA 94111
                         Telephone: (415) 263-7000
                         Facsimile:  (415) 263-7010
                         E-mail:    jlucas@pszjlaw.com
                                   jrosell@pszjlaw.com

                         -and-

                         Randy Nussbaum
                         Dean Dinner
                         Nussbaum Gillis & Dinner, P.C.
                         14850 N. Scottsdale Road, Suite 450
                         Scottsdale, AZ 85254
                         Telephone: (480) 609-0011
                         Facsimile:  (480) 609-0016
                         Email:  rnussbaum@ngdlaw.com
                                 ddinner@ngdlaw.com

                         Counsel for Debtors and Debtors in Possession

3

# EXHIBIT B

**(Form Notice of Assumption, Assignment and Sale)**

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re:

Z'Tejas Scottsdale, LLC, et al.,

                                         Debtors.

Joint Administration Pending With:

Z'Tejas 6th Street, LLC
Z'Tejas Avery Ranch, LLC
Z'Tejas Bellevue, LLC
Z'Tejas Bethany Home LLC
Z'Tejas Chandler, LLC
Z'Tejas Costa Mesa, LLC
Z'Tejas GP, LLC
Z'Tejas Grill Gateway, L.L.C.
Z'Tejas Holdings, Inc.
Z'Tejas, Inc.
Z'Tejas La Cantera, LLC
Z'Tejas LP, LLC
Z'Tejas of Arboretum, LLC
Z'Tejas Restaurant Holdings, LP
Z'Tejas Salt Lake City, LLC
Z'Tejas Summerlin, LLC
Z'Tejas Tempe, LLC
Taco Guild Osborn LLC

This Pleading applies to:

    ☑    All Debtors

Case No.: 2:15-bk-09178-PS

Chapter 11

Joint Administration Pending With Case Nos.:

2:15-bk-09180-PS
2:15-bk-09184-PS
2:15-bk-09188-PS
2:15-bk-09193-PS
2:15-bk-09194-PS
2:15-bk-09195-PS
2:15-bk-09198-PS
2:15-bk-09200-PS
2:15-bk-09201-PS
2:15-bk-09203-PS
2:15-bk-09205-PS
2:15-bk-09207-PS
2:15-bk-09208-PS
2:15-bk-09210-PS
2:15-bk-09212-PS
2:15-bk-09213-PS
2:15-bk-09214-PS
2:15-bk-09215-PS

**NOTICE OF (A) PROPOSED ASSUMPTION, ASSIGNMENT AND SALE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) PACA INTERESTS**

      **You are receiving this *Notice of Proposed Assumption, Assignment and Sale of Executory Contracts and Unexpired Leases* (the "<u>Notice of Assumption, Assignment and Sale</u>") because you may be a counterparty to a contract or lease with Z'Tejas, Inc. or one or more of its affiliated debtors.  Please read this notice carefully as your rights may be affected by the transactions described herein.**

      **PLEASE TAKE NOTICE** that on August 24, 2015, the United States Bankruptcy Court for the District of Arizona (the "**<u>Bankruptcy Court</u>**") entered an order [Docket No. ] (the "**<u>Bid Procedures Order</u>**") approving the *Motion of Debtors Requesting (A) the Scheduling of an Auction and Sale Hearing in Connection with the Sale of Substantially All the Debtors' Assets, (B) Approval of Bidding Procedures for Such Assets, (C) Approval of Purchase Agreement with Stalking Horse Bidder, (D) Approval of the Form and Scope of Notice of Auction and Sale Hearing, (E) Approval of Procedures for the Assumption, Assignment and Sale of Contracts and Leases to the Purchaser, and (F) Approval of Sale of the Debtors' Assets to the Purchaser* (the "**<u>Bid Procedures/Sale Motion</u>**"), filed by Z'Tejas Scottsdale, LLC and its affiliated debtors, as debtors in possession in the above-captioned chapter 11 cases (collectively, the "**<u>Debtors</u>**").  The Bid Procedures/Sale Motion and Bid Procedures Order set forth certain dates, deadlines and procedures (the "**<u>Bid Procedures</u>**") in connection with the sale of substantially all of the Debtors' assets (the "**<u>Sale Transaction</u>**").  Additional information regarding the Bid Procedures and the Sale Transaction

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

is available on Court's website (**www.azb.uscourts.gov**) at the case number cited above or by contacting **ocarpio@pszjlaw.com**.

       **PLEASE TAKE FURTHER NOTICE** that the contracts and leases listed on Exhibit 1 attached hereto (each, a "**Contract**" and collectively, the "**Contracts**") may be designated as "Purchased Contracts" under that certain *Asset Purchase Agreement* (the "**Asset Purchase Agreement**"), dated as of July 22, 2015, between the Debtors and Cornbread Ventures, LP (the "**Stalking Horse Bidder**"). If the Stalking Horse Bidder is the Winning Bidder (as such term is defined in the Bid Procedures/Sale Motion), and the Bankruptcy Court enters an order approving the Sale Transaction (a "**Sale Order**"), then all Contracts that are listed as Purchased Contracts at the Closing of the Asset Purchase Agreement will be assumed by the Debtors and assigned and sold to the Stalking Horse Bidder, and any Contract designated as a Designation Right Asset at the Closing of the Asset Purchase Agreement may be assumed by the Debtors and assigned and sold to the designated person or entity, if it makes a written election to accept an assignment of such Contract within the time frame provided in the Asset Purchase Agreement. The amount necessary, if any, to cure any and all defaults under each Contract and compensate the counterparty thereto for any and all pecuniary loss in respect of such default(s) under Bankruptcy Code section 365(b), if any, as a condition to assumption, assignment and sale of each Contract (the "**Cure Costs**") is set forth on Exhibit 1 hereto.[1] Evidence of the Stalking Horse Bidder's ability to provide adequate assurance of performance under the Contracts listed will be sent to the counterparties by counsel.

       **PLEASE TAKE FURTHER NOTICE** that if the Stalking Horse Bidder is not the Winning Bidder and the Bankruptcy Court enters a Sale Order approving the Sale of the Purchased Assets to an alternative Winning Bidder, then (i) the Contracts listed on Exhibit 1 hereto may be designated as Purchased Contracts under the asset purchase agreement proposed by such other Winning Bidder (a "**Modified Agreement**") and assumed, assigned and sold to such other Winning Bidder upon the closing of such agreement, or as a Designation Right Asset, which may be assumed by the Debtors and assigned and sold to such other Winning Bidder, if the other Winning Bidder or its designee makes a written election to have such Contract assigned within the time frame provided in the Modified Agreement. If the Stalking Horse Bidder is not the Winning Bidder, then within one (1) day after the auction determining the Winning Bidder, the Debtors will send a supplemental notice to each known counterparty to the Contracts identifying the Winning Bidder and providing information regarding the Winning Bidder's adequate assurance of future performance under the Contracts to the extent not previously provided. Such notice will also be filed with the Court and published on the Website.

       **PLEASE TAKE FURTHER NOTICE** that the Debtors may, prior to the closing of the Asset Purchase Agreement (or Modified Agreement), amend this Notice of Assumption, Assignment and Sale and give notice of the supplement or modification by the Winning Bidder of the list of Purchased Contracts under the Asset Purchase Agreement (or Modified Agreement), including a modification by which a Purchased Contract may be determined to be a Designation Rights Asset. If you are affected by any such amendment, supplement or modification, you will receive prompt notice thereof. Following the closing of the transactions contemplated by the Asset Purchase Agreement (or Modified Agreement), the Debtors may remove a Contract from the list of Purchased Contracts under the Asset Purchase Agreement (or Modified Agreement) if the Court determines after such closing that the Cure Amount for such Contract is in excess of the amount set forth on Exhibit 1 hereto and based on that the Winning Bidder determines to remove such Contract from its list of Purchased Contracts.

       **PLEASE TAKE FURTHER NOTICE** that any objections to the assumption, assignment and sale of any Contract identified in this notice, including to the Cure Amount set forth in Exhibit 1 to this notice, must be in writing, filed with the Bankruptcy Court, and be **actually received** by the Objection Notice Parties (as defined below) no later than **September 15, 2015 at**

---

[1]  The Cure Costs noted on Exhibit 1 is the amount owed as of August 24, 2015. To the extent such amount is reduced by payments made after such date, the Cure Costs will be reduced by the amount of such payments.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

1  **5:00 p.m. (Prevailing Arizona Time)** (the "**Assignment and Cure Objection Deadline**");

2  provided, however, that to the extent the Winning Bidder is a bidder other than the Stalking Horse Bidder, any supplemental or further objections to the sale to the Winning Bidder by a counterparty to

3  a Contract based solely on the ability of the Winning Bidder and/or Backup Bidder (as such term is defined in the Bid Procedures/Sale Motion) to provide adequate assurance of future performance

4  shall be filed and served so as to be **actually received** by the Objection Notice Parties no later than **September 21, 2015 at 12:00 p.m. (Prevailing Arizona Time)** (the "**Supplemental Assignment**

5  **and Cure Objection Deadline**").  Any such objections must set forth the specific defaults under the Contract and claim a specific monetary amount that differs from the Cure Amount, if any, specified

6  by the Debtors.  Other than the Cure Amounts listed on Exhibit 1, the Debtors are not aware of any amounts due and owing in respect of the Contracts listed therein or any other amounts that must be

7  paid as a condition to assumption, assignment and sale of the Contracts pursuant to the Bankruptcy Code.  If any party believes that any such additional amounts are owed in respect of any Contract

8  included on Exhibit 1, such party must assert such claim in accordance with the procedures set forth above no later than the Assignment and Cure Objection Deadline or be forever barred from asserting

9  such claim.  The Debtors or any other party in interest may file a reply to any objection by no later than **September 22, 2015 at 5:00 p.m. (Prevailing Arizona Time)**, provided that any reply to an

10  objection with respect to an alternative Winning Bidder's adequate assurance of future performance may be presented orally to the Court at the Sale Hearing.

11  **PLEASE TAKE FURTHER NOTICE** that each non-debtor party to a Contract **that does not timely file an objection by the Assignment and Cure Objection Deadline or the**

12  **Supplemental Assignment and Cure Objection Deadline (as applicable) shall be forever barred from objecting to assumption, assignment and sale of the Contract or to the Cure Costs set**

13  **forth in Exhibit 1, including, without limitation, the right to assert any additional cure or other amounts with respect to the Contract arising or relating to any period prior to such**

14  **assumption, assignment and sale.  The Debtors are not aware of any defaults under any Contract, other than defaults that will be cured and compensated by payment of the Cure**

15  **Costs, if any, set forth on Exhibit 1 hereto.  If any non-debtor party fails to raise a timely objection, such non-debtor party shall be barred from raising such defaults against any person**

16  **or entity and shall be deemed to have waived such default for all purposes.**

17  **PLEASE TAKE FURTHER NOTICE** that the Objection Notice Parties are (a) counsel for the Debtors, Pachulski, Stang, Ziehl & Jones LLP, 150 California Street, 15th Floor, San

18  Francisco, CA 94111, Attn: John W. Lucas; (b) counsel to the Committee, Schneider & Onofry, P.C., 3101 N. Central Ave, Ste. 600, Phoenix, AZ 85012; (c) Mastodon Ventures, Inc., 515 Congress

19  Avenue, Suite 1400, Austin, TX 78701, Attn: Robert S. Hersch; and (d) the U.S. Trustee, 230 N. 1st Avenue, Suite 204, Phoenix, AZ 85003.

20

21  **PLEASE TAKE FURTHER NOTICE** that, if no objections are received by the above deadlines, the assumption, assignment and sale of the Contracts set forth on Exhibit 1 shall be

22  authorized pursuant to the terms of the Sale Transaction and the Sale Order and the Cure Amounts set forth in Exhibit 1 shall be binding upon the non-debtor party to the Contract for all purposes and

23  will constitute a final determination of total cure amounts required to be paid by the Debtors in connection with the assumption, assignment and sale of the Contract.

24

25

26

27

28

1       **PLEASE TAKE FURTHER NOTICE** that if a timely objection is received and
such objection cannot otherwise be resolved by the parties, the Bankruptcy Court may hear such
2 objection at the Sale Hearing or at a later date set by the Court.

3       **PLEASE TAKE FURTHER NOTICE** that this Notice of Assumption, Assignment
and Sale is subject to the fuller terms and conditions of the Bid Procedures/Sale Motion and the Bid
4 Procedures Order, with such Bid Procedures Order controlling in the event of any conflict, and the
Debtors encourage parties-in-interest to review such documents in their entirety. Parties with
5 questions regarding the proposed assumption, assignment and sale procedures contained herein
should contact the Debtors' counsel, contact information for which is reflected above and on the
6 Website.

7 Dated: August 24, 2015           PACHULSKI STANG ZIEHL & JONES LLP
8

9            By:_____
                John W. Lucas
10                 Jason H. Rosell
                150 California Street, 15th Floor
11                 San Francisco, CA 94111
                Telephone: (415) 263-7000
12                 Facsimile: (415) 263-7010
                E-mail:     jlucas@pszjlaw.com
13                             jrosell@pszjlaw.com

14                 -and-

15                 Randy Nussbaum
                Dean Dinner
16                 Nussbaum Gillis & Dinner, P.C.
                14850 N. Scottsdale Road, Suite 450
17                 Scottsdale, AZ 85254
                Telephone: (480) 609-0011
18                 Facsimile: (480) 609-0016
                Email:  rnussbaum@ngdlaw.com
19                         ddinner@ngdlaw.com

20                 Counsel for Debtors and Debtors in Possession

21

22

23

24

25

26

27

28

**EXHIBIT 1**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
SAN FRANCISCO, CALIFORNIA

DOCS_SF:88392.6