Brian N. Spector – 010112
D. Trey Lynn – 028054
**SCHNEIDER & ONOFRY, P.C.**
3101 North Central Avenue, Suite 600
Phoenix, Arizona 85012-2658
Telephone: (602) 200-1295
E-mail: bspector@soarizonalaw.com
minute-entries@soarizonalaw.com

Attorneys for Official Committee

# IN THE UNITED STATES BANKRUPTCY COURT

# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Case No.: 2:15-bk-09178-PS |
| Z'Tejas Scottsdale, LLC, et al., | Chapter 11 |
| Debtors. | Joint Administration With Case Nos.: |
| Joint Administration With: | |

| | |
|---|---|
| Z'Tejas 6th Street, LLC | 2:15-bk-09180-PS |
| Z'Tejas Avery Ranch, LLC | 2:15-bk-09184-PS |
| Z'Tejas Bellevue, LLC | 2:15-bk-09188-PS |
| Z'Tejas Bethany Home LLC | 2:15-bk-09193-PS |
| Z'Tejas Chandler, LLC | 2:15-bk-09194-PS |
| Z'Tejas Costa Mesa, LLC | 2:15-bk-09195-PS |
| Z'Tejas GP, LLC | 2:15-bk-09198-PS |
| Z'Tejas Grill Gateway, L.L.C. | 2:15-bk-09200-PS |
| Z'Tejas Holdings, Inc. | 2:15-bk-09201-PS |
| Z'Tejas, Inc. | 2:15-bk-09203-PS |
| Z'Tejas La Cantera, LLC | 2:15-bk-09205-PS |
| Z'Tejas LP, LLC | 2:15-bk-09207-PS |
| Z'Tejas of Arboretum, LLC | 2:15-bk-09208-PS |
| Z'Tejas Restaurant Holdings, LP | 2:15-bk-09210-PS |
| Z'Tejas Salt Lake City, LLC | 2:15-bk-09212-PS |
| Z'Tejas Summerlin, LLC | 2:15-bk-09213-PS |
| Z'Tejas Tempe, LLC | 2:15-bk-09214-PS |
| Taco Guild Osborn LLC | 2:15-bk-09215-PS |

This pleading applies to:

☑ All Debtors

☐ Specified Debtors

**SECOND AND FINAL APPLICATION AND MOTION FOR COMPENSATON AND REIMBURSEMENT OF**

**EXPENSES OF SCHNEIDER &
ONOFRY, P.C. AS COUNSEL TO
UNSECURED CREDITORS
COMMITTEE**

This "Second and Final Application and Motion for Compensation and Reimbursement of Expenses" incurred on behalf of the Official Committee of Unsecured Creditors (the "Committee") (the "Application") is submitted on behalf of Schneider & Onofry, P.C. (sometimes referred to herein as the "Firm" or "Applicant"), counsel for the Committee.

In support of the Application, the Firm submits (i) as Exhibit "A" its time statements for the period of October 1, 2015 to January 20, 2016 (the "Final Application Period"), and (ii) as Exhibit "B" its expense statements, itemizing expenses by type incurred, for the Final Application Period.

In further support of its Application, the Applicant states:

I. **Background**

A.     On July 22, 2015 (the "Petition Date"), Debtor Z'Tejas Scottsdale, LLC, and various other affiliates filed petitions for relief under Chapter 11 of the Bankruptcy Code.

B.     On or about August 7, 2015, the Committee was formed by the Office of the U.S. Trustee for this jurisdiction. On August 7, 2015, the Official Committee selected Brian

- 2 -

Spector (undersigned counsel) to perform the services necessary and desirable in the above-captioned Chapter 11 case on behalf of the Official Committee.

C.      On or about August 13, 2015, the court entered an order authorizing the retention of undersigned counsel and the Firm effective as of August 7, 2015. [Doc 106.]

D.      This is the Firm's Second and Final application for compensation of Committee counsel, covering the Final Application Period and all preceding periods. The Firm previously has filed one interim application. Pursuant to its first application, the court entered an order allowing $77,188.50 in fees and costs.

E.      During the Final Application Period, the Firm has spent 132.9 hours in its representation of the Committee for total fees of $50,692. That is an average hourly rate of approximately $381.

F.      In addition, the Firm incurred out-of-pocket expenses for which it seeks reimbursement of $650.31. These expenses are itemized on Exhibit B attached.

G.      The services for which compensation is requested were rendered, and the expenses for which reimbursement is sought were expended as counsel for the Committee. The requested compensation and reimbursement is sought pursuant to 11 U.S.C. § 330 and the Guidelines of the Office of the United States Trustee of the District of Arizona.

## II.      **Preliminary Statement**

H.      From its inception, the Committee has played a role in reviewing the and investigating the Debtor's financial condition, history, and prior transactions, including the

- 3 -

Debtor's transactions with insiders; and in reviewing and developing a position regarding the Debtor's various filings.

I. The Firm agreed to handle this matter on an hourly rate basis at or below the standard hourly rates in effect at the time the services were rendered. The source of its compensation was to be the above-captioned Debtors and bankruptcy estate. The Firm has not received any funds from any entity for the services rendered to and expenses advanced on behalf of the estate.

J. The name of the professional who has rendered the services for which compensation is requested and the hourly rate charged is as follows:

| Provider | Hourly Rate |
|---|---|
| **Brian N. Spector** | **$385 per hour** |
| **Douglas C. Lynn** | **$250 per hour** |
| **Eric B. Kessler** | **$200 per hour** |

The rates charged by Mr. Spector and the Firm in this matter are the standard rates charged to non-bankruptcy clients. Mr. Spector has practiced law for more than thirty years and has substantial experience in bankruptcy matters and other litigation. Douglas C. Lynn is an associate of the Firm and has practiced law for five years. Mr. Kessler is a new associate with the Firm.

K. The fees requested are for services actually rendered and the expenses for which reimbursement is requested have been actually expended in or in connection with this Chapter 11 case. The records pertaining to them are true and accurate.

- 4 -

L.    The fees and expenses which are the subject of this Application are an administrative expense of the estate in this case.

M.    The Applicant respectfully represents to the Court that the fees and expenses requested herein are allowable and reasonable pursuant to Bankruptcy Code § 330. The Applicant respectfully submits that the services rendered were necessary to the administration of the case, were necessary to assist the Committee in the evaluation of possible courses of action in connection with the Debtors' bankruptcy cases, including the positions to be taken in connection with the various motions and applications filed, whether to file challenges to the claims of the secured creditors, and whether to file a plan or seek conversion of the cases, and were beneficial toward the completion of the case.

N.    The Applicant further submits that the services performed were so performed within a reasonable amount of time, especially in light of the complexity of the issues addressed by the Committee and the other unique facts of this case. The Applicant further represents that the fees requested herein are reasonable and are within the range of customary fees for the type of services rendered and are based upon the hours actually spent and multiplied by the normal billing rates for work of this nature and that the billing rates are in keeping with the hourly rates charged by the Applicant in non-bankruptcy matters.

O.    The Applicant's services have included, without limitation, the following:

Assistance with review and interpretation of Debtor's schedules, statements, and amendments;

- 5 -

Consultation with the Committee, drafting of Committee bylaws, scheduling of and attendance at Committee meetings, preparation of meeting minutes, etc.;

Consultation with the Committee regarding the U. S. Trustee's office;

Consultation with the Committee regarding the Debtors' monthly operating reports;

Consultation regarding communications with the Debtors and other creditors;

Consultation with the Committee regarding the Debtors' post-bankruptcy activities;

Assistance with investigation of the Debtors' assets and financial affairs;

Participation in meetings and telephone conferences;

Preparation and filing of employment applications;

Review of employment and fee applications of estate professionals;

Consultation with the Committee regarding, and representing the Committee in connection with, the Debtors' sale of its restaurants;

Investigation, analysis, and evaluation of whether any challenges existed with respect to the holders of secured claims;

Preparation and filing of challenges against the holders of secured claims.

Filing of the motion to convert to chapter 7 and resolution of that motion.

P.     Without limitation, and at the Committee's request, Applicant investigated the Debtors' financial condition, history, and prior transactions, including the Debtors' transactions with secured lenders and insiders; consulted with the Committee regarding

- 6 -

the Debtors' proposed sale of its remaining restaurants; reviewed, developed a position on, and advised the Committee regarding the sale motion and other motions and applications and, when appropriate, filed responses thereto; investigated, analyzed, and evaluated whether any challenges (the "Challenges") existed with respect to the secured claims and prepare and filed appropriate Challenges with respect thereto; negotiated a settlement in connection with the sale and the Challenge filed by the Committee against the Debtors' owner and primary secured claimant; had discussions with Debtors' counsel regarding various issues pertaining to the winddown and conclusion of the cases; evaluated and counseled the Committee regarding the different options for concluding the cases and had negotiations with Debtors' counsel re same; filed a motion to convert the cases to Chapter 7; worked with the Debtors on resolution of that motion; and worked on issues related to the substantive consolidation of the cases.

Q. Consistent with the requirements of this Court, the Applicant has divided its time records according to various matter categories. During the Final Application Period, the Applicant's primary activities included, without limitation, assisting the Committee as counsel on the following matters, all as more particularly set forth in Exhibit A.

**Case Administration**: Time recorded to this category included various efforts to review the Debtor's schedules, statements, monthly reports, and other court filings. It also included matters relating to the Debtors' post-bankruptcy activities and to the further processing of the cases, including the filing of a motion to convert and resolution thereof and issues relating to substantive consolidation. Further, to the extent a meeting, teleconference,

- 7 -

or hearing took place that addressed several different project matters, the Applicant would often categorize that item under this code.

**Avoidance Action Analysis**: Time recorded to this category included time spent on the investigation, analysis, and evaluation of avoidance actions, as well as whether any Challenges existed with respect to the holders of secured claims.

**Contested Matters: Motions and Responses/Objections**: Time recorded to this category included time spent reviewing and responding to the various motions, including any negotiations to resolve the issues raised in the motions. It also included time spent in filing the Challenges.

**Asset Disposition and Asset Analysis and Recovery**: Time spent by the Applicant included, or may have included, any of the following: reviewing and evaluating potential sales; objecting and resolving objections thereto; evaluating and settling Estate claims; reviewing information indicative of the value of various assets; and participation in meetings and other communications regarding the process for marketing them, as well as any purchase proposals.

**Assumption/Rejections of Leases/Contracts.** Time spent by the Applicant included, or may have included, reviewing filings related to the assumption or rejection of leases and other contracts and resolving issues associated therewith.

**Fee/Employment Applications**: Time spent by the Applicant included, or may have included, any of the following: drafting fee and employment applications and

ensuring that they complied with the Bankruptcy Code, the Bankruptcy Rules, and the local rules of this Court.

**Fee/Employment Objections**:  Time spent by the Applicant included, or may have included, any of the following: drafting objections to fee and employment applications.

**Claims Administration/Claims Objections**:  Time spent by the Applicant included, or may have included, any of the following: time spent by the Applicant reviewing proofs of claim, preparing claim summaries and listings, evaluating the objectionability of claims, etc.

**Meetings/Communications with Creditors**:  Time spent by the Applicant included, or may have included, any of the following: preparing Committee bylaws, meeting agendas, meeting minutes; attending Committee meetings; preparing summaries, reports, updates, communications with the Committee and its members; advising the Committee on actions to be taken, etc.; and communications with other creditors.

**Creditors**:  Time spent by the Applicant included communications with various creditors regarding matters which included, without limitation, claims filing, the Chapter 11 process, the allowability of their claim, etc.

R.      The Applicant submits this Application as its request for payment of and as its proof of administrative expense claim for legal services and expenses advanced in this matter as an administrative expense of this estate.

- 9 -

S. The Applicant, through undersigned counsel, certifies that it has sent the Application to the Committee Chairman for review. The Applicant also has served a copy of the Application on counsel for the Debtor and the United States Trustee.

T. The projects which are the subject of this Application are set forth in Exhibit A. As indicated in Exhibit A, the Applicant primarily utilized the services of Brian Spector. By utilizing the same individual for much of the case, the Applicant minimized fees associated with learning about the Debtor, its operations, etc. and locating and reviewing needed documents and information. In addition to Mr. Spector, other timekeepers may have occasionally been utilized on an ad hoc basis, depending on the needs of the case and the nature of the issues that arose. All legal services performed by the Applicant were performed by and on behalf of the Committee and not on behalf of any other committee, creditor, or other person or entity.

U. It is estimated that Mr. Spector hereafter will spend approximately nine hours ($3,500.00) in time on various matters, including addressing any conversion-related issues or issues relating to the wind-down of the case, attending the hearing on the Debtors' 503(b)(9) motion and on substantive consolidation, obtaining entry of an order approving this Final Application, etc. The Firm reserves the right to supplement this Final Application by submitting its additional time entries prior to the entry of an order approving this Final Application.

## III.    **Conclusion**

In view of the foregoing, the Applicant respectfully requests this Court to enter an Order:

A.    Granting final approval of the Firm's previous interim allowance;

B.    Approving this Final Application in its entirety;

C.    Allowing compensation for professional services rendered by the Firm as the Committee's counsel consisting of (i) $50,692 as itemized on Exhibit A plus (ii) an amount for actual services rendered between January 21, 2016 and the conversion of the cases, which amount shall be substantiated by the submission of additional time entries but which is currently estimated to be approximately $3,500.

D.    For the Final Application Period, allowing Reimbursement of $650.31 for actual and necessary expenses which the Firm has incurred during the Final Application Period and paid in connection with the rendering of such professional services;

E.    Approving the payment of the foregoing sums allowed pursuant to this Application (less any amounts previously received); and

F.    For such other and further relief as this Court deems just and proper.

Dated January 22, 2016

SCHNEIDER & ONOFRY, P.C.

By   /s/ *Brian N. Spector*
Brian N. Spector
D. Trey Lynn
3101 N. Central Avenue, Suite 600
Phoenix, Arizona  85012-2658
Attorneys for Official Committee

- 11 -

COPY emailed this same day to:

John W. Lucas, Esq.
Pachulski Stang Ziehl & Jones LLP
150 California Street, 15th Floor
San Francisco, CA 94111-4500
jlucas@pszjlaw.com
Attorneys for Debtors and Debtors in Possession

Dean Dinner
Randy Nussbaum
Nussbaum Gillis & Dinner, P.C.
14850 N Scottsdale Road, Suite 450
Scottsdale, AZ 85254
ddinner@ngdlaw.com
RNussbaum@ngdlaw.com
Attorneys for Debtors and Debtors in Possession

Christopher J. Pattock
Office of the United States Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003-1706
Christopher.J.Pattock@usdoj.gov

Case 2:15-bk-09178-PS    Doc 286    Filed 01/22/16    Entered 01/22/16 10:47:27    Desc
Main Document    Page 12 of 32

# Exhibit A

| Date | SM/Task | Attorney | Narrative | Hours | Amount |
|------|---------|----------|-----------|-------|--------|
| **B110 - CASE ADMINISTRATION** | | | | | |
| 10/06/2015 | B110 | BNS | Review and note comments to US Trustee's Notice of Non-Compliance for failure to file operating reports for August (.1); review and note comments to 9/17 and 9/23 updated cash flow forecasts from Sean Mirzabegian of Mastodon (.3) | 0.40 | 154.00 |
| 10/09/2015 | B110 | BNS | Email communications with John Lucas and Robert Hersh requesting winddown costs and regarding settlement agreement and proceedings on Mastodon employment/compensation (.3); telephone call with John Lucas regarding same and regarding status of sale closing (.5) | 0.80 | 308.00 |
| 10/13/2015 | B110 | BNS | Review and note comments to LIMITED OBJECTION OF PACA TRUST CREDITORS TO MOTION OF THE DEBTORS FOR ORDER AUTHORIZING TURNOVER OF PACA TRUST ASSETS | 0.10 | 38.50 |
| 10/14/2015 | B110 | BNS | Telephone call with John Lucas regarding upcoming motions, applications, and hearings, and timing of same (.3); conference call with him and Luann Beller of Judge Sala's court regarding obtaining a November hearing date for same (.2) | 0.50 | 192.50 |
| 10/15/2015 | B110 | BNS | Review and note comments to the various August monthly operating reports filed by the Debtors. | 0.50 | 192.50 |
| 10/16/2015 | B110 | BNS | Review and note comments to draft Motion to Approve Settlement and proposed Order from John Lucas and make proposed revisions to same (1.4); prepare correspondence to John Lucas transmitting same (.1); review and note comments to further revisions from John Lucas to settlement agreement (.1); make further revisions to same and prepare correspondence to John Lucas transmitting same (.3); request documentation evidencing the holder of Mezzanine loan, review same and respond to John Lucas regarding same (.2). | 2.10 | 808.50 |

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|------|--------------------|-------|--------|
| 10/19/2015 | B110 | BNS | Email communications with John Lucas and Committee Chair Dan Miller regarding execution and filing of Settlement Agreement and transmit signature page to John Lucas (.2); email and telephone communications with John Lucas regarding closing of sale, financial reconciliation, and noticing of settlement and fee applications (.3). | 0.50 | 192.50 |
| 10/20/2015 | B110 | BNS | Review and note comments to (i) Joint Motion for Order Approving Settlement Among the Debtors; (ii) Motion of Debtors for an Order (1) Fixing Bar Date for the Filing of Proofs of Claim, Including Claims Arising Under Section 503(b)(9) of the Bankruptcy Code (iii) Motion for Order Extending Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(4) of the Bankruptcy Code; (iv) First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors; and (v) Order Approving The Employment & Retention of Mastodon Ventures as Investment Banker & Financial Advisor (.6); prepare correspondence to Committee regarding all of the foregoing (.3) | 0.90 | 346.50 |
| 10/21/2015 | B110 | BNS | Review and note comments to Notice of Hearing on three motions and four fee applications and calendar same (.1); email and telephone communications with John Lucas regarding objection deadlines (.2) | 0.30 | 115.50 |
| 10/22/2015 | B110 | BNS | Prepare correspondence to John Lucas and Robert Hersch requesting (i) the Debtors' financial reconciliation in connection with the sale closing; (ii) an updated (post sale-closing) waterfall; (iii) whether the Debtors post-closing possibly going to have to make payments under any of the leases subject to the motion to extend rejection deadline; and (iv) requesting a listing of the estimated $225,000 in wind-down costs (.5); review and note comments to correspondence and information from John Lucas regarding same (.2) | 0.70 | 269.50 |

## Schneider & Onofry PC
### Fee Application
Committee of Unsecured Creditors / Z'Tejas Bankruptcy (10151-1)

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|---|--------------------|-------|--------|
| 10/23/2015 | B110 | BNS | Review and note comments to wind-down expense projections from John Lucas (.1); prepare correspondence to Committee regarding same (.3); prepare correspondence to John Lucas regarding same and requesting explanation for wastefulness of retaining President for another 23 weeks at full salary (.3); email communications with Tom Axelson regarding briefing schedule on Pavilion Holdings matter (.1) | 0.80 | 308.00 |
| 10/28/2015 | B110 | BNS | To court to attend hearing regarding (I) Debtors' PACA Motion and (ii) Debtors' Motion to Retain Ordinary Course Professionals and to discuss Debtors' Windown Cost projections | 1.10 | 423.50 |
| 10/29/2015 | B110 | BNS | Email from and to Committee members regarding wind-up costs and further handling of case and court's setting of Chapter 11 status hearing. | 0.20 | 77.00 |
| 11/15/2015 | B110 | BNS | Review and note comments to Debtors' 11/16/15 Status Report | 0.50 | 192.50 |
| 11/16/2015 | B110 | BNS | Prepare for (.4) and go to court to attend hearing on various matters, including settlement motion, lease rejection motion, claims bar date motion, and professional fee | 2.10 | 808.50 |
| 11/17/2015 | B110 | BNS | Review and note comments to Updated Waterfall from John Lucas and compare to information in the Debtors' Status Report and Reply to Omnibus Fee Objection (.6); telephone call to John Lucas with questions concerning same (.3); telephone call to Jordan Kroop regarding anticipated length of time for transfer of liquor licenses (.2) | 1.10 | 423.50 |
| 11/17/2015 | B110 | BNS | Review and note comments to Stipulation to Establishment of $331,368.92 Reserve Between US Foods and Debtors. | 0.10 | 38.50 |
| 11/17/2015 | B110 | BNS | Review and note comments to September monthly operating reports filed by the Debtors. | 0.50 | 192.50 |
| 11/18/2015 | B110 | BNS | Prepare correspondence to John Lucas following up on request for sale reconciliation numbers. | 0.10 | 38.50 |

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|---|--------------------|-------|--------|
| 11/19/2015 | B110 | BNS | Prepare correspondence to John Lucas regarding structure for resolving various remaining issues in the case, including cost-effective administration, further handling, liquidating plan, and resolution of four pending fee application objections (1.3); conduct analysis regarding various related issues, including claims administration and appropriateness/desirability of substantive consolidation (.8); conduct legal research and analysis regarding options for facilitating wind-up of case and distribution to unsecured creditors (1.8). | 3.90 | 1,501.50 |
| 11/19/2015 | B110 | BNS | Conference call with John Lucas, Dean Dinner, Randy Nussbaum, and Robert Hersh regarding approaches for concluding case (including discussion of liquidating plan vs. conversion) and try to reach agreement on same, payroll continuation issues, and resolution of four pending fee application objections. | 0.90 | 346.50 |
| 11/20/2015 | B110 | BNS | Email communications with John Lucas regarding exit strategies for case, including possible liquidating plan and conversion to Chapter 7, in a manner that would be the most cost-effective (.4); telephone call to Chris Pattock in UST's office regarding same, including concern over Debtors' excessive expenditure of funds on payroll (.7); conduct legal research and analysis regarding liquidating plan vs. conversion, including Jevic Holding, Armstrong Work Industries, and DBSD North America decisions (1.2); | 2.30 | 885.50 |

**Schneider & Onofry PC**
**Fee Application**
Committee of Unsecured Creditors / Z'Tejas Bankruptcy (10151-1)

| Date | SM/Task | Attorney | Narrative | Hours | Amount |
|------|---------|----------|-----------|-------|--------|
| 11/20/2015 | B110 | BNS | Review Asset Purchase Agreement and Interim Management Agreement in connection with Debtors' assertion that it must retain Mr. Micheletti at full salary pending completion of transfer of liquor licenses (1.2); prepare correspondence to John Lucas requesting citations to pertinent provisions in same (.1); telephone call with John Lucas regarding same, why the Debtors' consider it necessary to pay Mr. Micheletti at his full salary, the anticipated time frame to complete the transfer of liquor licenses, and whether the Debtors would be willing to agree to some reasonable limitations on the payroll expenses (.6/portion of conversation attributable to this subject). | 1.90 | 731.50 |
| 11/23/2015 | B110 | BNS | Telephone call with John Lucas regarding options for wind-up of case. | 0.30 | 115.50 |
| 12/01/2015 | B110 | BNS | Prepare for hearing, including comments regarding status and further handling of case (.6) and attend hearing on case status and various other matters, including Pavilion Holdings' $75,000 cure claim (2.5). | 3.10 | 1,193.50 |
| 12/03/2015 | B110 | BNS | Review law regarding liquidating plan vs. conversion options (.4); conference call with John Lucas regarding same, possibility of limiting Chapter 11 expenditures, and UST's imposition of quarterly fees in a manner contrary to the Debtors' operating reports (.4); review communications between Chris Pattock and John Lucas regarding same and telephone call to him regarding same and delinquency list (.2); begin preparation of Motion to Convert to Chapter 7 (1.3). | 2.30 | 885.50 |
| 12/08/2015 | B110 | BNS | Email and telephone communications with Chris Pattock regarding assessment of US Trustee Quarterly fees and email and telephone communications with John Lucas regarding same. | 0.50 | 192.50 |

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|-----|-------------------|-------|--------|
| 12/10/2015 | B110 | BNS | Prepare Committee's Motion to Convert Cases to Chapter 7 and for Other Related Relief (2.4); conduct legal research and analysis regarding same, including basis for relief with respect to GUC Trust Account funds (.6); prepare correspondence to Committee regarding same (.2); telephone call from Dan Miller regarding same (no charge); email communications with John Lucas regarding filing of same, hearing date, response deadline, etc. (.2); left Chris Pattock a voice mail message regarding filing of same (no charge); various email communications with LuAnn Beller in Judge Sala's court regarding filing of same and obtaining a hearing date (.1); finalize Notice of Hearing (.1) | 3.60 | 1,386.00 |
| 12/17/2015 | B110 | BNS | Review issues relating to proposed conversion, including process for creditors to elect Chapter 7 trustee and statutes and rules pertaining to same (.7); telephone and email communications with Chris Pattock regarding same (.2). | 0.90 | 346.50 |
| 12/17/2015 | B110 | BNS | Review and note comments to October MORs filed by various Debtors (.3); prepare correspondence to John Lucas regarding same and requesting a list of post 10/31/15 disbursements (.2) | 0.50 | 192.50 |
| 12/21/2015 | B110 | BNS | Review and note comments to U.S. Trustee's Response to Committee's Motion to Convert Case. | 0.20 | 77.00 |
| 12/22/2015 | B110 | BNS | Telephone call from John Lucas regarding motion to convert, remaining things for Debtor to wrap up the case, Debtors' cash position, and further handling. | 0.80 | 308.00 |
| 12/24/2015 | B110 | BNS | Review and note comments to email from John Lucas containing current cash balance and anticipated cash flow information (.2); prepare correspondence to John Lucas with questions regarding same (.2) | 0.40 | 154.00 |

**Schneider & Onofry PC**
**Fee Application**
Committee of Unsecured Creditors / Z'Tejas Bankruptcy (10151-1)

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|---|--------------------|-------|--------|
| 12/29/2015 | B110 | BNS | Telephone and email communications with Jordan Kroop regarding status of buyer obtaining liquor license approval and confirming extension to file response to motion to convert (.2); telephone call to John Lucas regarding same and regarding winddown timeline and stipulations in connection with motion to convert (.7); review and note comments to 503(b)(9) and tax claims schedule from John Lucas (.2); work on proposed form of Order regarding conversion (.5). | 1.60 | 616.00 |
| 12/30/2015 | B110 | BNS | Prepare Order granting motion to convert (1.1); prepare correspondence to John Lucas regarding same (.1) | 1.20 | 462.00 |
| 12/31/2015 | B110 | BNS | Review and note comments to Pavilion Holdings' LIMITED OBJECTION TO THE COMMITTEE'S MOTION TO CONVERT CASES TO CHAPTER 7 AND FOR OTHER RELATED RELIEF (.2); review and note comments to John Lucas's proposed revisions to Order Granting Motion to Convert (.4); and prepare correspondence to John Lucas regarding resolution of structural issues in conversion order (.2); telephone call from John Lucas regarding resolution of same (.3). | 1.10 | 423.50 |
| 01/04/2016 | B110 | BNS | Prepare Reply to UST Response and Pavilion Holdings limited objection and in support of Motion to Convert (1.7); conduct legal research and analysis regarding same (.9); review and note comments to Cornbread Ventures' Objection to motion to convert (.6) | 3.20 | 1,232.00 |
| 01/05/2016 | B110 | BNS | Prepare Reply to responses/objections filed by US Trustee, Cornbread Ventures, and Pavilion Holdings (3.1); telephone call with John Lucas regarding attempt to resolve conversion-related issues (.4); additional telephone call to him regarding same (.1); review Joinder filed by Macerich Company in Cornbread Ventures Objection (.1) | 3.70 | 1,424.50 |

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|---|--------------------|-------|--------|
| 1/6/2016 | B110 | BNS | Work on revisions to proposed Order Granting Motion to Convert (1.1); prepare correspondence to John Lucas regarding same (.1); prepare Omnibus Reply and conduct legal research and analysis regarding and analysis regarding same (.9); further work on revisions to proposed Order and email and telephone communications with John Lucas regarding same (.6) | 2.70 | 1,039.50 |
| 1/7/2016 | B110 | BNS | Emails from and to John Lucas regarding reaching agreement on terms of Order for conversion of cases (.2); email communications with Committee regarding same (.2); revise Omnibus Reply in Support of Motion to Convert accordingly (1.4); email communications with John Lucas regarding same and share draft Reply with him (.2); review his comments and further revise Reply (.7). | 2.70 | 1,039.50 |
| 1/8/2016 | B110 | BNS | Review and note comments to Debtors' draft Motion to Pay Section 503(b)(9) administrative claims (.2); communications with John Lucas regarding Omnibus Reply and agreed Order for conversion of cases (.5). | 0.70 | 269.50 |
| 1/11/2016 | B110 | BNS | Telephone calls with Chris Pattock regarding Motion to Convert, UST's position thereon, and UST's comments to conversion order (.5); revise order to include UST's revisions and prepare correspondence to John Lucas transmitting same (.4); telephone call from John Lucas regarding same (.2). | 1.10 | 423.50 |
| 1/12/2016 | B110 | BNS | Prepare for (.2) and to court to attend hearing on Motion to Convert (1.2) | 1.40 | 539.00 |
| 1/13/2016 | B110 | BNS | Prepare motion for substantive consolidation of the bankruptcy estates, including review of various file materials and legal research and analysis regarding same (5.1); prepare correspondence to John Lucas transmitting draft of motion and telephone call from him regarding same (.2) | 5.30 | 2,040.50 |

| Date | SM/Task | Attorney | Narrative | Hours | Amount |
|------|---------|----------|-----------|-------|--------|
| 1/14/2016 | B110 | BNS | Conduct legal research and analysis regarding substantive consolidation issues and review file materials regarding same (1.4); telephone call with John Lucas regarding same and proposals for further handling (.5); conduct legal research and analysis regarding various interpretations of Bonham decision and pertinent facts thereunder (.7); prepare correspondence to John Lucas regarding same (.4). | 3.00 | 1,155.00 |
| 1/15/2016 | B110 | BNS | Conduct additional legal research and analysis regarding substantive consolidation (.9); email communications with John Lucas regarding same and suggestions for further handling (.4); various telephone and email communications with Luann Beller at the court regarding rescheduling hearing one week later (.1/ no charge); prepare correspondence to attorneys for parties regarding same (.1) | 1.40 | 539.00 |
| 1/19/2016 | B110 | BNS | Telephone call from John Lucas regarding substantive consolidation motion (.1); prepare correspondence to John Lucas regarding case law and legal discussion for same and transmit | 0.50 | 192.50 |
| 1/20/2016 | B110 | BNS | Telephone call from John Lucas regarding substantive consolidation (.2); prepare analysis regarding effective of substantive consolidation and whether it is fair and equitable to the creditors as a whole and transmit to John Lucas (1.1); review and note comments to Notice of February 18 Hearing and transmit revised draft to John Lucas (.1) | 1.40 | 539.00 |
| | | | **SUBTOTAL B110** | | **25,371.50** |

**Schneider & Onofry PC**
**Fee Application**
Committee of Unsecured Creditors / Z'Tejas Bankruptcy (10151-1)

| Date | SM/Task | Attorney Narrative | Hours | Amount |
|------|---------|--------------------|-------|--------|
| **B130 - ASSET DISPOSITION** | | | | |
| 10/01/2015 | B130 | BNS | Review various email communications between John Lucas, Jordan Kroop, and Bryan Albue regarding final revisions to the Sale Order (.1); review revisions to Sale Order and Asset Purchase Agreement (.2); receipt of Sale Order entered by the court and prepare correspondence to Committee transmitting same (.2) | 0.50 | 192.50 |
| 10/15/2015 | B130 | BNS | Review and note comments to draft Settlement Agreement from John Lucas, revise Settlement Agreement, and prepare correspondence to him transmitting same. | 2.10 | 808.50 |
| | | | **SUBTOTAL B130** | | **1,001.00** |
| | | | | | |
| **B150 - MEETINGS OF AND COMMUNICATIONS WITH CREDITORS** | | | | |
| 10/12/2015 | B150 | BNS | Email correspondence to and from Committee regarding status update, including entry of sale order, Cornbread's failure to close sale, status of Settlement Agreement, and Mastodon employment application | 0.40 | 154.00 |
| 10/15/2015 | B150 | BNS | Prepare correspondence to Committee regarding Global Settlement term sheet, hearing regarding Mastodon employment application, and Mastodon's proposal regarding resolution of issue over its financial advisor fees (.7); review communications from Committee regarding same (.1) | 0.80 | 308.00 |
| 10/21/2015 | B150 | BNS | Prepare correspondence to Committee regarding Mastodon, Pachulski, and Nussbaum fee applications totaling $350,000 and whether it wishes to object to them (.8); emails from Committee members regarding same (.1) | 0.90 | 346.50 |
| 11/15/2015 | B150 | BNS | Prepare correspondence to Committee regarding Debtors' Status Report, further handling, and other pending matters, and confirming telephonic meeting to discuss same. | 0.70 | 269.50 |
| 11/16/2015 | B150 | BNS | Attend Creditors Committee Meeting to discuss status and further handling | 0.50 | 192.50 |
| 11/17/2015 | B150 | BNS | Prepare correspondence to Committee regarding results of 11/16 hearing, status report, further proceedings, and outline possible settlement structures of various pending and upcoming issues for Committee's consideration. | 2.20 | 847.00 |

## Schneider & Onofry PC
**Fee Application**
Committee of Unsecured Creditors / Z'Tejas Bankruptcy (10151-1)

| Date | SM/Task | Attorney | Narrative | Hours | Amount |
|------|---------|----------|-----------|-------|--------|
| 11/18/2015 | B150 | BNS | Lengthy telephone call from Mike Simon of Payne Electric regarding nature of Payne Electric's claim (including whether or not it is secured and by what) and with questions concerning what has thus far occurred in the case. | 0.40 | 154.00 |
| 11/18/2015 | B150 | BNS | Telephone call to Dan Miller regarding settlement structure for resolution of remaining issues (.2); telephone call to Dan Miller regarding same (.2); send meeting appointment to them regarding same (.1) | 0.50 | 192.50 |
| 11/19/2015 | B150 | BNS | Attend Committee Meeting regarding proposal to resolve various outstanding issues. | 0.50 | 192.50 |
| 11/24/2015 | B150 | BNS | Prepare correspondence to Committee regarding discussion of options for winding up case, including liquidating plan vs. structured conversion to Chapter 7 (1.3); conduct legal research and analysis regarding same (.6); conference call with John Lucas regarding same (.5). | 2.40 | 924.00 |
| 11/25/2015 | B150 | BNS | Complete correspondence to Committee regarding discussion of options for wind-down of case, including liquidating plan, moving to convert, or simply letting Debtors act on their own, and respective timetables for each (.6); conduct legal research and analysis regarding same, including law governing how court would rule if Debtors file a motion to convert pending Committee's plan confirmation proceedings (.5) | 1.10 | 423.50 |
| 11/30/2015 | B150 | BNS | Review email from Larry Little regarding further handling and email from Dan Miller regarding same (.1); email communications with Committee regarding scheduling telephonic meeting (.1); review various file materials in preparation for (.3) and participate in telephonic meeting regarding same (.5) | 1.00 | 385.00 |
| 12/04/2015 | B150 | BNS | Email to Committee to discuss results of 12/1 hearing, Motion to Convert, and other options (.8); prepare Notice of Hearing thereon (.3). | 1.10 | 423.50 |

**Schneider & Onofry PC**
**Fee Application**
Committee of Unsecured Creditors / Z'Tejas Bankruptcy (10151-1)

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|---|---|---|---|---|---|
| 12/07/2015 | B150 | BNS | Conduct legal research and analysis regarding pro's and con's of conversion to Chapter 7 versus liquidating plan, including costs associated therewith and potential confirmation issues, and substantive consolidation issues (1.7); prepare correspondence to Committee regarding same (1.1). | 2.80 | 1,078.00 |
| 12/09/2015 | B150 | BNS | Telephone call to Dan Miller regarding whether to proceed with Motion to Convert versus liquidating plan. | 0.20 | 77.00 |
| 12/23/2015 | B150 | BNS | Outline reply to UST's Response to motion to convert (.3); prepare correspondence to Committee regarding same and regarding further handling (.9); email and telephone communications with John Lucas regarding same (.4) | 1.60 | 616.00 |
| 12/24/2015 | B150 | BNS | Prepare correspondence to Committee regarding negotiations with John Lucas regarding winddown and effective conversion date, cash flow information, and suggestions for further negotiation. | 0.60 | 231.00 |
| 1/4/2016 | B150 | BNS | Prepare correspondence to Committee regarding status of negotiations with Debtors over Order Granting Motion to Convert (.3); evaluate ways to bridge gap between Committee and Debtors over same (.3). | 0.60 | 231.00 |
| 1/6/2016 | B150 | BNS | Prepare correspondence to Committee updating them regarding conversion motion, objections thereto, and attempts to resolve. | 0.50 | 192.50 |
| 1/14/2016 | B150 | BNS | Prepare correspondence to Committee regarding substantive consolidation motion and Debtors' proposals for further handling. | 0.90 | 346.50 |
| 1/15/2016 | B150 | BNS | status and further handling, including substantive consolidation motion (.1); telephone call to Larry Little regarding same (.1). | 0.20 | 77.00 |
| | | | **SUBTOTAL B150** | | **7,661.50** |

**B160 - FEE EMPLOYMENT APPLICATIONS**

**Schneider & Onofry PC**
**Fee Application**
Committee of Unsecured Creditors / Z'Tejas Bankruptcy (10151-1)

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|---|--------------------|-------|--------|
| 10/14/2015 | B160 | BNS | Telephone call from John Lucas to discuss Mastodon employment application and Committee's supplemental objection thereto (.2); attend telephonic hearing regarding same (.5); telephone call from John Lucas after hearing regarding attempt to resolve issues over amount of Mastodon compensation (.3) | 1.00 | 385.00 |
| 10/14/2015 | B160 | BNS | Prepare First Interim Fee Application as Counsel for Committee | 1.30 | 500.50 |
| 10/16/2015 | B160 | BNS | Work on First Fee Application (1.2); prepare correspondence to Committee transmitting same and review reply from Dan Miller regarding same (.2); prepare Notice of Filing First Fee Application (.2). | 1.60 | 616.00 |
| 10/21/2015 | B160 | BNS | Review and note comments to (i) 58-page First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP as Counsel to the Debtors: $155,218.25 in fees and $3,033.99 in costs (2.4); (ii) 16-page First Interim Application for Allowance and Payment of Fees for Services Rendered and Expenses Incurred by Nussbaum Gillis & Dinner, P.C. as Counsel for the Debtors: $34,643.50 in fees and 53.50 in costs (1.1); and (iii) 28-page First & Final Fee Application to Allow Compensation of Mastodon Ventures as Investment Banker & Financial Advisor to the Debtors for the Period of 7-22-15 through 10-31-15: $155,000 ($75,000 financial advisor fees plus $80,000 transaction fee)(2.2) | 5.70 | 2,194.50 |
| 11/16/2015 | B160 | BNS | Review and note comments to Notice of Mastodon's October 16-31 time entries supplementing its First and Final Fee Application. | 0.30 | 115.50 |
| 1/11/2016 | B160 | BNS | Work on Second and Final Fee Application | 2.10 | 808.50 |
| 1/11/2016 | B160 | BNS | Review and note comments to Final Application for Allowance and Payment of Fees for Services Rendered and Expenses Incurred by Nussbaum Gillis & Dinner, PC as Counsel for the Debtors | 0.20 | 77.00 |

|  |  | **SUBTOTAL B160** | **4,697.00** |
|--|--|-------------------|--------------|

**B170 - FEE/EMPLOYMENT OBJECTIONS**

## Schneider & Onofry PC

**Fee Application**

Committee of Unsecured Creditors / Z'Tejas Bankruptcy (10151-1)

| Date | SM/Task | Attorney | Narrative | Hours | Amount |
|------|---------|----------|-----------|-------|--------|
| 10/12/2015 | B170 | BNS | Prepare COMMITTEE'S SUPPLEMENT TO OBJECTION TO DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF MASTODON VENTURES, INC. AS INVESTMENT BANKER AND FINANCIAL ADVISOR | 1.60 | 616.00 |
| 10/16/2015 | B170 | BNS | Various correspondence with John Lucas regarding proposal to resolve Mastodon's request to be compensated for a third month. | 0.40 | 154.00 |
| 10/23/2015 | B170 | DCL | Legal research re: cases relating to standard for awarding fees to financial advisors for objection to investment banker's fee application. | 0.50 | 125.00 |
| 10/26/2015 | B170 | BNS | Prepare COMMITTEE'S OMNIBUS OBJECTION TO (I) FIRST AND FINAL FEE APPLICATION OF MASTODON VENTURES, INC. (II) INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES, LLP AND (III) INTERIM FEE APPLICATION OF NUSSBAUM GILLIS & DINNER, P.C. (3.1); conduct legal research and analysis in support of same (.7). | 3.80 | 1,463.00 |
| 10/27/2015 | B170 | BNS | Prepare COMMITTEE'S OMNIBUS OBJECTION TO (I) FIRST AND FINAL FEE APPLICATION OF MASTODON VENTURES, INC. (II) INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES, LLP AND (III) INTERIM FEE APPLICATION OF NUSSBAUM GILLIS & DINNER, P.C. | 2.90 | 1,116.50 |
| 10/28/2015 | B170 | BNS | Prepare COMMITTEE'S OMNIBUS OBJECTION TO (I) FIRST AND FINAL FEE APPLICATION OF MASTODON VENTURES, INC. (II) INTERIM FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES, LLP AND (III) INTERIM FEE APPLICATION OF NUSSBAUM GILLIS & DINNER, P.C. | 3.60 | 1,386.00 |
| 11/15/2015 | B170 | BNS | Review and note comments to DEBTORS' OBJECTION TO THE OFFICIAL COMMITTEE OFUNSECURED CREDITORS' FIRST APPLICATION AND MOTION FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES (N/C) | 0.00 | 0.00 |

**Schneider & Onofry PC**
**Fee Application**
Committee of Unsecured Creditors / Z'Tejas Bankruptcy (10151-1)

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|---|---------|-------|--------|
| 11/15/2015 | B170 | BNS | Review and note comments to Debtors' Omnibus Response to Committee's Objection to Fee Applications of Debtors' Professionals (.5) and Nussbaum firm's joinder therein (.1); Review and note comments to letter objection filed by Mike Simon of Payne Electric (N/C) | 0.60 | 231.00 |
| 11/20/2015 | B170 | BNS | Review and note comments to correspondence from John Lucas proposing to resolve objections to Mastodon, Pachulski, Nussbaum, and S&O fee applications, as well as Debtors' continuing payroll (.2); outline various settlement structures regarding same (.3) and telephone call with John Lucas regarding same (.2/portion of call attributable to this subject); prepare correspondence to John Lucas responding to same (.3); prepare correspondence to Committee regarding same (.1) | 1.10 | 423.50 |
| 11/23/2015 | B170 | BNS | Prepare Reply to Debtors' Objection to Committee Counsel's Fee Application. (N/C) | 0.00 | 0.00 |
| 11/25/2015 | B170 | BNS | Email and telephone communications with John Lucas and Committee Chair regarding resolution of pending fee application objections | 0.30 | <u>115.50</u> |
| | | | **SUBTOTAL B170** | | <u>**5,630.50**</u> |

**B185 - ASSUMPTION/REJECTION OF LEASES & CONTRACTS**

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|---|---------|-------|--------|
| 10/09/2015 | B185 | BNS | Review email from Tom Axelson and Pavilion Holdings' fee itemization in support of $61,000 fee request and note comments thereto (.6); telephone call from John Lucas regarding same and further handling (.2) | 0.80 | 308.00 |
| 10/13/2015 | B185 | BNS | Telephone call from John Lucas regarding negotiations with Pavilion Holdings over attorneys fees issue (.1) and conference call with Tom Axelson regarding same (.2). | 0.30 | 115.50 |
| 10/14/2015 | B185 | BNS | Telephone call from Tom Axelson regarding Pavilion Holdings core claim request and offer to resolve same (.5); prepare correspondence to John Lucas transmitting same (.1) | 0.60 | 231.00 |
| 10/16/2015 | B185 | BNS | Prepare correspondence to Tom Axelson responding to Pavilion's settlement offer and review his reply. | 0.20 | 77.00 |

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|------|---------------------|-------|--------|
| 10/28/2015 | B185 | BNS | Review and note comments to Pavilion's Brief in Support of Cure Amount and 27 pages of exhibits (1.1); prepare COMMITTEE'S OBJECTION TO PAVILION HOLDINGS' PROPOSED CURE AMOUNT (2.8); conduct legal research and analysis regarding same (.9) | 4.80 | 1,848.00 |
| 10/29/2015 | B185 | BNS | Prepare Objection to Pavilion's Cure Claim (.9); conduct legal research regarding same (.7). | 1.60 | 616.00 |
| 10/29/2015 | B185 | EBK | Analyze issues re: whether reasonableness of fees can be considered by looking at the other lessors, and whether the standard for reasonableness focuses on what a reasonable party would spend | 2.20 | 440.00 |
| 11/04/2015 | B185 | BNS | Review and note comments to HILLTOP-SCOTTSDALE, LLC'S (i) MOTION TO COMPEL TIMELY PERFORMANCE AND PAYMENT OF RENTS PURSUANT TO SECTION 365(d)(3) and (ii) OBJECTION TO DEBTORS' MOTION FOR ORDER EXTENDING DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY PURSUANT TO SECTION 365(d)(4) OF THE | 0.20 | 77.00 |
| 11/23/2015 | B185 | BNS | Review and note comments to Debtors' Objection to Pavilion Holdings Cure Claim for Attorneys' Fees (.2); review and note comments to Pavilion Holdings Reply Brief in Support of Cure Amount (.3) | 0.50 | 192.50 |
| 12/01/2015 | B185 | BNS | Prepare for hearing on Objection to Pavilion Holdings $75,000 cure claim. | 0.80 | 308.00 |
| 12/11/2015 | B185 | BNS | Review email from Tom Axelson regarding effect of motion to convert on Pavilion Holdings pending cure amount determination and prepare reply to him regarding same. | 0.20 | 77.00 |
| 12/14/2015 | B185 | BNS | Review and note comments to Bethany Core's EMERGENCY MOTION TO COMPEL ASSUMPTION OR REJECTION OF UNEXPIRED LEASE | 0.20 | 77.00 |
| 12/29/2015 | B185 | BNS | Review Debtors' Objection to Emergency Motion to Compel Assumption or Rejection of Unexpired Lease | 0.10 | 38.50 |
| 1/19/2016 | B185 | BNS | Review and note comments to Notice of Lodging Stipulated Order approving assumption and assignment of Bethany Home | 0.10 | 38.50 |
| | | | **SUBTOTAL B185** | | **4,444.00** |

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|--|--------------------|-------|--------|

### B190 - OTHER CONTESTED MATTERS

| Date | SM/Task | | Attorney Narrative | Hours | Amount |
|------|---------|--|--------------------|-------|--------|
| 10/12/2015 | B190 | BNS | Obtain issuance of Summons for Complaint against the two Karp Reilly entities (for equitable subordination and other relief (no charge); conduct computer research of state of Delaware to confirm their statutory agents for service of process; complete certificates of service for each defendant. (N/C) | 0.00 | 0.00 |
| | | | **SUBTOTAL B190** | | **0.00** |

| Date | SM/Task | Attorney Narrative | Hours | Amount |
|---|---|---|---|---|
| **B310 - CLAIMS ADMINISTRATION AND OBJEECTIONS** | | | | |
| 11/20/2015 | B310 | BNS | After being unable to obtain it from Debtor's counsel, review schedules in the 18 cases regarding priority claims, as well as priority proofs of claim filed in the various cases, and create table summarizing same (1.3); email and telephone communications with Lori Lewis respresenting Maricopa County, regarding whether its personal property tax claim has been paid (.2); prepare correspondence to John Lucas regarding same and transmitting priority claim table for comment for review and comment as to accuracy (.4). | 1.90 | 731.50 |
| 11/24/2015 | B310 | BNS | Perform analysis and summary of remaining general unsecured claims in the different estates and review various proofs of claim in connection therewith, including claims of Inland Salt Lake City Gateway, LLC, South Coast Plaza, and La Cantera Retail Limited Partnership (1.4); request La Cantera Lease from John Lucas and review and note comments to same (.2). | 1.60 | 616.00 |
| 12/22/2015 | B310 | BNS | Review and note comments to various claims filed in the bankruptcy cases over the past thirty days, including the ten claims filed by US Foods, including the portion of claim designated as 503(b)(9) priority and calculate the total of such priority claims (1.3); communications with John Lucas regarding same (.1). | 1.40 | 539.00 |
| | | | SUBTOTAL B130 | | 1,886.50 |
| | | | **TOTAL** | **132.90** | **50,692.00** |

**EXHIBIT B**
**DISBURSEMENTS**

| Date | Description | Amount |
|------|-------------|--------|
| 01/05/2016 | Photocopying Expense (949 @ .10) | 94.90 |
| 01/05/2016 | Parking (10/28, 11/18, 12/1) | 7.50 |
| 12/22/2015 | Postage for Notice re Motion to Convert | 371.51 |
| 01/05/2016 | PACER Charges | 176.40 |
| | **Disbursements Subtotal:** | **$650.31** |

- 13 -